## Hutt v. Hutt

*Edwin W. Tompkins*, for libellant.

*John D. Gresimer* of *Rydesky & Gresimer*, for respondent.

HIPPLE, P. J., November 25, 1942.—In this proceeding for divorce brought by the husband libellant, petitioner, wife respondent, asks for an order upon libellant for counsel fees and expenses. To her petition libellant filed an answer alleging that under an agreement of separation dated August 28, 1941, he is relieved from the duty of paying any moneys for the employment of counsel by her to contest the action.

The parties have agreed that the sole question for determination is whether or not the last paragraph of this agreement set forth in paragraph 5 of libellant's answer constitutes a waiver by respondent of her right to be awarded counsel fees and costs.

If petitioner were seeking alimony pendente lite we would be obliged to hold that the agreement of August 28, 1941, was a bar thereto, because it is a complete release by respondent of any right on her part for support and maintenance from libellant.

The particular paragraph of the agreement in question reads: "The party of the second part [wife respondent] hereby specifically releases the party of the first part [husband libellant] from any obligation to contribute to the support and maintenance of the party of the second part [wife respondent], and further agrees that no action, either civil or criminal, will be brought against the party of the first part [husband libellant], claiming monies for support or maintenance, *or anything in the nature thereof.*"

Libellant takes the position that the rule for counsel fees and costs is a civil action, and therefore by the terms of the agreement respondent is bound not to institute any such action or to claim any moneys from libellant.

However, libellant ignores the fact that no action of any kind was brought by respondent. On the contrary, these proceedings were instituted by libellant who seeks an absolute divorce, and we cannot agree that the words "or anything in the nature thereof", referring as they do to "support or maintenance", can be interpreted as meaning anything other than something pertaining to the support and maintenance of respondent. If these proceedings had not been instituted, it would not have been necessary for respondent to employ counsel.

Over a long period of years it has been the uniform practice to make an allowance for counsel fees and ex-

penses in favor of respondent in the case of proceedings for divorce instituted by a husband against his wife, and The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §46, as amended by the Act of May 25, 1933, P. L. 1020, specifically authorizes the court to make such orders. Even where the wife respondent has considerable private means, or has received large sums of money from libellant during the period preceding the making of such order, and for some time prior thereto, orders have been made for counsel fees. Thus in Biddle v. Biddle (No. 2), 50 Pa. Superior Ct. 43, not only was an order made for counsel fees and expenses, but upon appeal to the Superior Court it was increased from the sum of $200 to an allowance of $500 and in that case the moneys received by the respondent wife were paid on a contract of separation.

The contract entered into by these parties is a valid contract. It is not shown to be unreasonable or to have been procured by fraud, and is still in effect. This, however, does not prevent an allowance for counsel fees and costs, and such orders have been made in the cases of Bloom v. Bloom, 17 Pa. C. C. 478, and Shepherd v. Shepherd, 18 Pa. C. C. 614. And in McClenen v. McClenen, 36 D. & C. 270, 271, an order for counsel fees was made where an agreement of separation provided that the husband was to make certain payments to his wife, and the wife agreed that "the above payments are only in lieu of and in full settlement of all claims which the said Norma B. McClenen now has, or in the future may have, for support and maintenance of herself."

As stated, an order for counsel fees and costs cannot be construed to be an order for the support and maintenance of the respondent wife, and therefore we conclude that she is entitled to counsel fees and costs, and accordingly make the following

*Order*

And now, November 25, 1942, the rule to show cause why libellant should not be required to pay counsel fees and costs to respondent is hereby made absolute, and Harold C. Hutt, libellant, is hereby ordered to pay to respondent, Sadie A. Hutt, or her counsel, the sum of $150 for counsel fees and costs to be incurred by respondent in these proceedings.