## Dash *v.* Dash, Appellant.

Argued March 19, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Harry R. Kozart,* for appellant.

*Albert C. Richter,* for appellee.

OPINION BY DITHRICH, J., July 23, 1948:

For counsel fees and costs in successfully contesting this action in divorce, respondent has been allowed a total of $185. In addition to the nominal counsel fee of $35 she was allowed $150 for counsel fees and costs, after the case had been carried to the Supreme Court and she had expended for costs alone $190. The amount allowed her is incomprehensibly low and indefensible.

The contest involved two meetings before a master; argument in the court below on exceptions to the master's report; appeal to this Court from the dismissal of the exceptions to the master's report and the entry of a decree; and argument in the Supreme Court on libellant's appeal from the decision of this Court which was affirmed by the Supreme Court.

Respondent petitioned for an allowance of $1250 for counsel fees and $190 for costs. We agree with the learned judge of the court below that, in view of the circumstances of both parties, libellant should not be required to pay $1250 counsel fees, but he certainly should be required to pay more than $150 in addition to the costs. Under the minimum fee bill of the Philadelphia Bar Association respondent would be entitled to counsel fees of $675. The court in its opinion states that libellant has already paid $890 costs and $450 counsel fees to his attorney. The court apparently overlooked the fact that $190 of the $890 bill for costs is the amount expended by respondent, on account of which she has received nothing from libellant and for which she seeks reimbursement. In view of the services rendered by

counsel and the costs incurred by respondent, we can arrive at no other conclusion than that the learned court was guilty of a clear abuse of discretion in allowing her but $150.. She has no separate estate. She is obliged to work for a living and earns barely enough to support herself, due allowance being made for the $85 a month she receives from libellant. Incidentally, from October, 1945, he paid nothing until April, 1946, when he obtained his decree in divorce and resumed payments at $60 per month. Payments in that amount were made until April, 1947, when he again ceased payments and only resumed paying $85 a month in June of that year after this rule for counsel fees and alimony had been taken.

Libellant admittedly receives a salary of $570.45 a month, and after making liberal allowance for his necessary expenses we cannot help but feel that when the court below concluded that all he had left was $105.70 per month, the learned court, in the words of the Supreme Court on libellant's appeal in the divorce proceeding, *Dash v. Dash,* 357 Pa. 125, 127, 53 A. 2d 89, was "over-persuaded by libellant, of whose credibility we have serious doubts." Why do we have serious doubts as to his credibility? Again quoting from the Supreme Court, page 129, "His testimony in explanation of this letter [urging his wife to apply for a divorce] is enough to destroy his credibility as a witness."

What was said by the Supreme Court in *Powers' Appeal,* 120 Pa. 320, 328, 14 A. 60, has particular application here: "The libellant here is the husband. . . . He forced this litigation upon his wife, and she is compelled to employ counsel and incur large expenses in defending herself. . . . To deny her the means to defend herself is to deny her justice. The refusal of the court below to make any [adequate] allowance for her counsel fees and expenses, was such a palpable abuse of discretion that we will correct it here."

As stated by this Court in *Biddle v. Biddle (No. 2)*, 50 Pa. Superior Ct. 43, 45:

"It is the uniform practice to make an allowance for counsel fees and expenses in favor of the respondent in the case of a proceeding in divorce by a husband against his wife where the former is of sufficient ability to pay. The propriety of this rule was recognized by the learned judge of the court below but the amount awarded to the respondent we regard as inadequate. An examination of the record shows that much time was spent by respondent's counsel in taking testimony and in the preparation of the case, and as the evidence was all taken before the order for the allowance was entered a basis for determining the reasonable sum proper to be paid was before the court. A larger sum should have been awarded the respondent under the circumstances."

The order of the court below is therefore modified and it is now adjudged and decreed that an allowance of $750 be awarded to the respondent for counsel fees and $190 for costs to be paid by the appellee; the costs and $150 of the counsel fees to be paid forthwith, the balance of the counsel fees to be paid in quarterly installments.