## Biddle *v.* Biddle, Appellant (No. 2).

*Divorce—Libel by husband—Counsel fees for wife.*

The appellate court will increase the counsel fees allowed to a wife in a divorce proceeding instituted by the husband from $200 to $500, where it appears that the husband is of sufficient ability to pay a proper allowance, and the record shows that the allowance by the court below was inadequate. In such a case it is immaterial that the

wife had considerable means of her own, and that she had been the recipient of large sums of money from her husband during the year preceding the date of the decree for divorce.

Argued Dec. 5, 1911.  Appeal, No. 000, Oct. T., 1911, by respondent, from decree of C. P. Schuylkill Co., May T., 1910, No. 156, allowing counsel fees in case of J. C. Biddle v. Agnes M. Biddle.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Libel for divorce.  Before BECHTEL, P. J.

From the record it appeared that the court made the following order:

And now, this July 17, 1911, it is ordered and decreed that the rule for counsel fees and expenses heretofore granted in this case be made absolute and the libelant is directed to pay the respondent the sum of $200.

Other facts appear by the opinion of the Superior Court, and by the report of Biddle v. Biddle, ante, p. 30.

*Error assigned* was the order of the court.

*William Wilhelm* and *John T. Lenahan*, with them *Frank J. Laubenstein* and *Daniel J. Ferguson*, for appellant.

*C. E. Berger*, with him *J. W. Carpenter* and *J. H. Fertig*, for appellee.

OPINION BY HENDERSON, J., April 15, 1912:

On July 17, 1911, the court made absolute a rule in the above-stated case for counsel fees and expenses and directed the complainant to pay to the respondent the sum of $200 for that purpose.  Exception was taken to this order on the ground that the allowance was too small and an appeal is before us because of the refusal of the court to award a larger amount.  The court was influenced

·in fixing the amount of the allowance by the consideration that the respondent had considerable private means and had been the recipient of large sums of money from the libelant during the year preceding the making of the order and for some time prior thereto. The sums referred to as having been received from the libelant were evidently the amounts paid on the contract of separation which was entered into March 30, 1908, and modified November 12, 1910. It is the uniform practice to make an allowance for counsel fees and expenses in favor of the respondent in the case of a proceeding in divorce by a husband against his wife where the former is of sufficient ability to pay. The propriety of this rule was recognized by the learned judge of the court below but the amount awarded to the respondent we regard as inadequate. An examination of the record shows that much time was spent by respondent's counsel in taking testimony and in the preparation of the case, and as the evidence was all taken before the order for the allowance was entered a basis for determining the reasonable sum proper to be paid was before the court. A larger sum should have been awarded the respondent under the circumstances.

The order of the court is therefore modified and it is now adjudged and decreed that an allowance of $500 be awarded to the respondent for counsel fees and expenses to be paid by the appellee.