Meinel, Appellant, *v.* Meinel.

Argued October 9, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*H. Eugene Heine,* and with him *Walter E. Schembs,* for appellant.

*Ralph S. Croskey,* and with him *George J. Edwards, Jr.,* for appellee.

OPINION BY KELLER, J., April 15, 1935:

This appeal is an aftermath of the divorce case of Meinel v. Meinel, 109 Pa. Superior Ct. 143, 167 A. 379, in which, by opinion filed July 14, 1933, we reversed the decree of divorce granted by the court below and ordered the libel to be dismissed. Following that, the respondent, on December 4, 1933, presented her petition in the court below for a rule on libellant to pay her the sum of five thousand dollars additional counsel fee, less a credit of $488.85, or net of $4,511.15. An answer was filed and testimony taken on depositions. On January 23, 1934, the court made the rule absolute for $2,500. Libellant has appealed.

The libel was filed on March 2, 1930, and set up 'indignities to the person' as the ground for divorce. The libellant was, at the time, vice-president of a large manufacturing corporation and in receipt of a salary approximating $20,000, in addition to some income from investments. His capital wealth, however, was not great, as the increase in his income had been too recent to permit the accumulation of a fortune. He was then voluntarily paying his wife $35 a week for her support, besides allowing her the use of the house which he owned, and in which they had lived prior to the separation. The libellant himself kept their child and paid for its care and maintenance. On August 25, 1930, the court made an order directing the libellant to pay respondent $100 per week alimony. This was complied with and continued until November 10, 1932, when the order for alimony was reduced to $60 per week; and it was again reduced, to take effect as of February 15, 1933, to $40 a week. At the time of argument of this appeal the libellant had paid respondent by way of alimony $12,740, of which she had saved about $6,000.

A master was appointed and twenty-eight meetings, of approximately two hours each in length, were held.

The testimony takes up 1,249 typewritten pages (1,036 printed pages). On June 2, 1932 the master's report was filed, recommending a divorce. The master's costs, $775, were paid by the libellant.

On October 3, 1930 the court directed libellant to pay respondent $500 on account of her counsel fees. This was done.

On August 23, 1932, after all the testimony had been taken, the master's report had been filed, the exceptions thereto had been filed, argued and dismissed, and the final rule in divorce had been filed, and while a rule for additional counsel fees, costs and expenses was pending, the court made absolute a rule on libellant, ordering him to file a bond in the sum of $1,000 conditioned upon his paying any further costs and expenses imposed upon him. This was complied with, and on August 30, 1932 bond in the sum of $1,000 filed as ordered.

On November 14, 1932 the court directed libellant to pay respondent, within sixty days, the sum of $2,500 additional counsel fees, and expenses incurred for the printing of testimony and paper books on appeal, stating in the order, "We think any further allowance of counsel fee should be held in abeyance pending the final determination of the litigation in the Superior Court. Counsel should make every effort to reduce the printing costs by eliminating from the record on appeal all testimony not essential to a proper consideration of the case." The costs and expenses incurred and paid by respondent to that date were itemized as $2,011.15, leaving $988.85, out of the $3,000 ordered to be paid by libellant for counsel fees and expenses, applicable to counsel fees. The libellant paid this $2,500 as ordered.

During the almost four years which elapsed between the filing of this libel and the order appealed from, the financial condition of the libellant changed greatly

for the worse. Since January 1, 1933 he has not been an officer or employee of the manufacturing corporation, which paid him such a substantial salary. His salary for the year 1933 was $3,600; his income from investments, $1,280, making his total income less than $5,000. His entire estate, including the house which his wife occupies in part, and rents out the remainder, (appraised at $6,500), was valued at $20,660. The securities have, if anything, decreased in value since then.

We do not have, in the present case, a man of large wealth, requiring a destitute wife, or one with insufficient means, to make large expenditures in opposing a divorce attacking her honor and chastity, with unfounded charges of the grossest malignity, and necessitating the examination of witnesses and the taking of testimony in many places outside the State, as in Hartje v. Hartje, 39 Pa. Superior Ct. 490, chiefly relied on by the appellee; or even as in Lynn v. Lynn, 68 Pa. Superior Ct. 324, and 76 Pa. Superior Ct. 440. We have repeatedly said that the financial circumstances of the parties is to be taken into consideration in allowances for a respondent's counsel fees. See, inter alia, Naylor v. Naylor, 59 Pa. Superior Ct. 547, 563, 564; Neagley v. Neagley, 59 Pa. Superior Ct. 565, 572; Ray v. Ray, 89 Pa. Superior Ct. 566; Biddle v. Biddle, 50 Pa. Superior Ct. 43, 45; Walker v. Walker, 109 Pa. Superior Ct. 539, 551, 167 A. 446. In Naylor v. Naylor, supra, where the libellant had a salary of $2,500 a year and had paid all the costs of the proceeding, including the master's and stenographer's charges and the expense of taking testimony on behalf of the respondent, as well as on his own behalf, in Newark and New York, we refused to increase a counsel fee of $200 for respondent, which was ordered in addition to $135 previously paid. In Neagley v. Neagley, supra, where an original counsel fee of $25

was ordered, and the court below refused to increase it, in reversing the decree of divorce and dismissing the libel, we ordered the libellant to pay to the respondent, or her counsel, an additional sum of $50 for expenses and counsel fees in the prosecution of the appeal. In Biddle v. Biddle, supra, a hotly contested case, where the libellant was a successful surgeon with a large income, the lower court made absolute a rule directing the libellant to pay the respondent the sum of $200 for counsel fees and expenses. This court reversed the decree of divorce and dismissed the libel, and decreed that the allowance for respondent's counsel fees and expenses, to be paid by the libellant, be increased from $200 to $500. In Powers' Appeal, 120 Pa. 320, 14 A. 60, the Supreme Court reversed the court below, dismissed the libel and ordered the libellant to pay respondent $500 for counsel fees and expenses. In Fisher v. Fisher, 74 Pa. Superior Ct. 538, where we reversed a decree of divorce granted by the court below, because the libellant's agents had been instrumental in securing his wife's defilement, and the husband was a man worth $275,000, with an annual income of $13,430, we allowed respondent's attorneys an additional counsel fee of $500.

There were no charges, in this case, affecting respondent's honor or chastity; no circumstances of violence or oppression; no hearings or depositions taken away from Philadelphia. The main complaint of libellant was that respondent was a hypochondriac or, perhaps, malingerer, and that she did not properly perform her wifely duties. The case seemed to be one of incompatibility, which is not recognized as ground for divorce in this State.

No benefit would result from further discussion of the facts. In view of all the circumstances and considering the libellant's financial worth and income, we are of opinion that the order of the court below

was unreasonably large and constituted an abuse of legal discretion; that $1,000, the amount of the bond fixed by the court, when the matters were fresh in its mind, is as much as the libellant can reasonably be required to pay in addition to the $3,000 already paid by him for respondent's counsel fees and expenses, pursuant to the several orders of court.

The order is accordingly modified by reducing it to one thousand dollars. It is further ordered that each party pay his or her own costs incurred on this appeal.