## Brong, Appellant, *v.* Brong.

Argued October 7, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Reuben Levi,* with him *Joseph L. Fox,* for appellant.

*Henry Panfil,* of *Moore, Gossling & Panfil,* for appellee.

OPINION BY PARKER, J., December 17, 1937:

This is an appeal by Earle O. Brong, libellant in a divorce action, from an order of the court below requiring him to pay his wife, the respondent, $500 for counsel

fees and expenses. The appellant complains of the amount of the order.

By the Act of May 2, 1929, P. L. 1237, §46 (23 PS 46) codifying and revising the divorce laws of this Commonwealth, it is provided that "the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses." How much shall be allowed as alimony and for counsel fees and expenses is a matter of judicial discretion and the validity of the order depends upon the proper exercise of that discretion: *Lynn v. Lynn*, 76 Pa. Superior Ct. 440, 442. This court will not reverse an order of the court below "except for plain abuse of discretion": *Doemling v. Doemling*, 118 Pa. Superior Ct. 426, 431, 179 A. 813. There are no fixed rules as to the amount to be allowed. It is not to be measured solely by the value of counsel's services or by the wife's necessities. "The husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay": *Karmany v. Karmany*, 71 Pa. Superior Ct. 308, 310. To deny a destitute wife the means to pay for process and professional aid is to deny her justice *(Hartje v. Hartje*, 39 Pa. Superior Ct. 490), and likewise to deny an innocent and injured husband a divorce unless he pay counsel fees beyond his ability to pay is to close the doors of the courts to many worthy suitors. The statute contemplates the payment of a *reasonable* counsel fee, limited by the necessities appearing from the evidence, such as will as nearly as possible promote the administration of fair and impartial justice by placing the parties on a par in defending their rights.

The libellant has in the opinion of the court below sustained his charge that his wife was guilty of cruel and barbarous treatment and that court has held that

he is entitled to a decree of divorce upon payment of counsel fees and expenses. The wife is in ill health, without means and unable to work. The action for a divorce was begun in January, 1934 and after lying dormant for about three years was then prosecuted until March 19, 1937 when exceptions to a master's report recommending a divorce were dismissed and the report was approved. The report of the master covered 761 pages of evidence, taken at fourteen hearings and twenty-five hours were consumed in taking the testimony.

When the unhappy differences between the parties arose, Earle O. Brong was a registered pharmacist, owner and operator of two stores and the owner of valuable real estate. His financial affairs then began to go badly and he charges his failure to his wife's interference with his business. The result was that he was compelled to close his stores and dispose of his merchandise. After the payment of the store bills, he had $150 of personal assets left. The evidence shows that about six months prior to the hearing on a rule to show cause why he should not be required to pay additional counsel fees, he was employed as a pharmacist at wages of $15 per week. About two months before the hearing his wages were reduced to $7.50 per week for which he was working three days a week. He was receiving the latter amount at the time of the hearing.

At the time of the hearing he was the owner of real estate encumbered by a mortgage, the principal debt being $15,000, and there was due for delinquent taxes and interest $3,200. In addition, he was indebted to others, in matters not connected with the real estate, in an amount from $2,500 to $3,000. The mortgagee had taken possession of the real estate and was collecting the rents. Libellant received no income from the real estate and had no other source of income. He testified that he was compelled to seek the assistance of his brother to meet part of his ordinary living expenses.

While the wife testified that the real estate was worth $40,000, there was not the slightest evidence to show that she had any knowledge of the market value of real estate, and she furnished no evidence corroborative of her assertion. On the other hand, counsel for libellant states in the printed brief: "He will give it [the real estate] to respondent if she wants it for the Counsel Fees and Expenses, and this is seriously stated."

In addition to the master's fees libellant has paid $35 to respondent on account of counsel fees and was under an order of the municipal court to pay her $10 per week for support. We were informed at the argument that this was later reduced to $8 per week on account of libellant's financial position.

The wages or earning capacity of this libellant as disclosed by the evidence will certainly not support the amount of counsel fees awarded by the trial court. Libellant has now no source of income except his meager wages and he has no available personal assets. To require him to now pay $500 is to require a payment that is beyond his ability to discharge. If we view the competent evidence in a light most favorable to the respondent his only hope of meeting the present order would be by borrowing from some relative or good friend. If he is unable to persuade someone to advance the money for him he will be denied a decree to which the court below has said he is entitled. We must assume that the unfortunate situation in which the respondent finds herself was created by her.

The court below did not rely upon the wages or earning capacity of the libellant to support its order, but depended upon the bald assertion of the respondent that the libellant was the owner of encumbered real estate of the value of $40,000. If this valuation were accepted, the mortgage would have an equity of approximately $19,000. The evidence will not support a conclusion that the real estate has such value. The respondent did

not show any qualifications on her part to testify to values of real estate, particularly a business property, and she did not see fit to secure the testimony of anyone competent to fix values. We will assume that she could not sustain the valuation claimed. If we did accept the valuation she places upon this property, even then we would be dealing with a frozen asset not available to secure further advances.

While there is no direct evidence in the record as to the value of the services of counsel, we have no doubt that they were in fact worth $500. Counsel for the libellant admits that they were. That, however, is not the sole measure which we must apply. It will be noted that the statute provides that the court *may, in proper cases*, allow a *reasonable* counsel fee. We have indicated above by reference to the decisions some of the matters that must be considered by the court. Taking into account the relevant circumstances, we are all of the opinion that it was a plain abuse of judicial discretion to fix the allowance at $500 and that it should not be more than $200.

The order of the court below is modified and it is directed that the allowance be reduced to $200, each party to pay his or her own costs on this appeal.