## Ramsey v. Ramsey

*Smillie & Bean*, for libellant.

*Elton J. Buckley* and *Harry I. Hiestand*, for respondent.

DANNEHOWER, J., November 14, 1939.—On May 17, 1935, libellant husband filed an action in divorce a. v. m. Thereafter, on April 12, 1938, a master was appointed. On May 5, 1938, the respondent wife, without leave of

court, filed an answer to said libel, and on June 18, 1938, petitioned for counsel fees and expenses.

On December 23, 1938, the court awarded and fixed respondent's counsel fee in the sum of $50, and permitted the expenses to await the outcome of the case.

On September 1, 1939, upon petition, the court granted a rule upon libellant to show cause why an attachment should not issue against him to enforce the court's order for the payment of counsel fees. To this petition and rule, libellant, on September 15, 1939, filed an answer, alleging that he has been financially unable to comply with the court's order, because his work is irregular and income barely sufficient to support himself and comply with a $5 a week order of the quarter sessions court for the support of his wife and son. No depositions were taken and this rule, after argument, is now pending for disposition.

The question for decision is, whether or not the court has power to issue an attachment for contempt of court to enforce the payment of counsel fees in a divorce action.

The Divorce Law of May 2, 1929, P. L. 1237, sec. 46, as amended by the Act of May 25, 1933, P. L. 1020, provides:

"In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses."

The court of common pleas has sole jurisdiction to grant divorces and annul marriages. It is also a court of equity and administers equitable principles and always has had power to enforce its decrees and orders by an attachment for contempt.

"There is no doubt attachment is the appropriate remedy to enforce an order for the payment of alimony pendente lite allowed in a divorce proceeding": Herman v. Herman, 29 D. & C. 241.

The payment of both alimony and costs may be enforced by attachment for contempt: Ormsby v. Ormsby,

1 Phila. 578; Wallen v. Wallen, 11 Pa. C. C. 41; Groves' Appeal, 68 Pa. 143; Smeltz v. Smeltz, 21 Lanc. 308; Hilt v. Hilt, 23 Pa. C. C. 422.

We see no good reason, therefore, why the court cannot issue an attachment for failure to pay the wife's counsel fees, when awarded and fixed by the court, provided libellant is financially able to pay.

The writer of this opinion has had libellant before him many times upon attachments, for failure to comply with a $5 a week support order for his wife and son. On three occasions, libellant has been sent to jail for contempt. He is a painter, employed occasionally, and has suffered from ill health. His earnings have been insufficient to pay the support order. Proof of his financial ability to pay must not only be alleged but ought to be proved before an attachment should issue. The attachment is designed to enforce a compliance with the order for the payment of alimony, counsel fees, and costs, not to punish for not being able to perform it, and ought not to issue where the court is satisfied that the husband is destitute of means of making the required payments: Gilbert v. Gilbert, 30 Pa. C. C. 418.

But we cannot allow the husband to prosecute his divorce action until and unless he pays the reasonable counsel fees for his wife, because such services are allowed the wife as will as nearly as possible promote the administration of fair and impartial justice, by placing the parties on a par in defending their rights: Brong v. Brong, 129 Pa. Superior Ct. 224.

The record discloses that libellant has failed for 11 months to comply with the order for the payment of counsel fees, and that four or five meetings for the purpose of taking testimony have already been held before the master, who has not as yet filed his report with the court. It would be manifestly unjust to allow the husband to proceed further with the action, as the wife would be helpless to defend herself against his charges.

And now, November 14, 1939, for the foregoing reasons, the rule for an attachment is discharged and it is ordered that libellant, Nathan S. Ramsey, pay to respondent, or her attorney, the sum of $50 as counsel fee, within three months from this date, and all further proceedings in this action are ordered suspended until this order is complied with. If said counsel fee is not paid within three months, the court will entertain a petition for an attachment upon proof of libellant's ability to pay, or will entertain a petition for the dismissal of the libel.