## Greegor v. Greegor

*Maurice Yoffe* of *Caldwell, Fox & Stoner*, for libellant.

*Paul J. Smith,* for respondent.

RUPP, J., September 10, 1945.—Libellant sued for divorce on grounds of cruel and barbarous treatment and indignities to the person and subsequently obtained a rule on respondent to show cause why the libel should not be amended to include the ground of adultery.

Upon averring her innocence but lack of adequate means to meet the expense incident to her defense, respondent was granted a rule on libellant for counsel fees.

In his answer to the petition for the rule, libellant alleged that since the separation of the parties respondent has been guilty of adultery; hence, this is not a "proper case" for the allowance of the reasonable counsel fees provided by section 46 of The Divorce Law of May 2, 1929, P. L. 1237, as amended, 23 PS § 46, nor is respondent entitled to such fees under the decisions.

The difficulty with libellant's position is that the question of the alleged adulterous conduct of respondent has not been judicially determined. He merely asserts that such conduct is "established" by the record of a nonsupport hearing held on May 28, 1945 (No. 130, March Sessions, 1945), which is incorporated in the answer by reference.

While it is true that the said record contains testimony which, if believed, would warrant a conclusion that respondent has been guilty of adultery, it is equally true that it contains her emphatic denials of the accusations made. Moreover, it should be noted that, despite such testimony, the court entered an order of support.

The answer also denies respondent's inability and libellant's alleged ability to pay counsel fees. However, no depositions were taken to establish these facts, libellant apparently choosing to rely solely upon the alleged adultery as his defense. Hence, the allegations of the petition must be accepted as true.

Thus, at this point in the proceeding, respondent is in the same position as any other accused wife unable to finance her defense, and it is well settled that to deny her the means to pay for process and professional aid would be to deny her justice: Hartje v. Hartje, 39 Pa. Superior Ct. 490 (1909) ; Brong v. Brong, 129 Pa. Superior Ct. 224 (1937) ; LaPietra v. LaPietra,

53 Dauph. 339 (1943). This is particularly true where, as here, she is faced with the grave charge of adultery.

Under these circumstances, and in the exercise of the discretion with which we are vested in such matters: Doemling v. Doemling, 118 Pa. Superior Ct. 426 (1935) ; Brong v. Brong, supra; we deem the following to be a just and proper

### Order

And now, September 10, 1945, the rule is made absolute, and it is hereby ordered and decreed that Tolbert O. Greegor pay to his wife, Catherine E. Greegor, the sum of $75 for counsel fees.