Morgan *v.* Morgan, Appellant.

Argued April 18, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Leonard A. Mazer,* for appellant.

*A. H. Rosenberg,* for appellee.

` Opinion by Arnold, J., October 1, 1952:

The defendant-husband appeals from a decree granting the wife a divorce from bed and board, and also fixing the amount of counsel fees and alimony. We have made a careful and independent examination of the record and come to the same conclusion as did the court below as to the wife being entitled to a decree of divorce. The evidence offered in her behalf more than sufficiently established that the appellant was guilty of indignities. He administered beatings to her which required medical attention; his language was vile and vulgar; he accused her of being mentally unsound; he was guilty of unexplained absences from home and of improper associations with other women. His course of conduct affected her health and she has been under medical treatment for some time. Her condition was intolerable and her life burdensome; and the fact that she continued to live on the third floor of their jointly owned home does not absolve him nor bar her: *Homler v. Homler,* 120 Pa. Superior Ct. 66, 67, 181 A. 840.

On the question of permanent alimony, justice requires that this be remanded to the court below for the taking of further testimony, since there is not sufficient evidence in the record for us to determine what allowance should be made. The testimony is that the husband is a high school teacher earning a gross salary of $4600 per year (N. T. 97, 138), and it is claimed that his take home pay is $3899.40 (N. T. 97). It is claimed that his income is decreased because of teacher's retirement deductions. But such cannot affect the allowance to be made. They are analogous to a savings account, since the husband or his estate cannot lose any part of them. No further reductions are shown. In addition, the appellant operates "an electrical wiring shop, an electrician shop," but the earnings thereof are not shown (N. T. 82). He also receives rent from the

first floor of the jointly owned home, but the amount thereof is not revealed (N. T. 60).[1] Appellant claims that he owes two loans aggregating $1450, but nothing is stated in the evidence concerning the manner of payment or the interest. He claims expenses of taxes, heat, light and medical bills. The court below awarded $40 per week alimony. As to permanent alimony, The Divorce Law, 23 PS §47, provides that it "shall not exceed the third part of the annual profit or income of his estate, or of his occupation and labor. . ." In other words, it is not a question of assets but of income. Within the limits fixed by this Act, the lower court will not be reversed except for an abuse of discretion: *Brong v. Brong,* 129 Pa. Superior Ct. 224, 226, 195 A. 439.

The court also awarded $300 as counsel fees. There is no requirement that counsel fees be limited to a proportion of the income. Such fees should bear some fair relation to the husband's estate and station in life; his ability to pay; the separate estate of the wife; and the character, situation and surroundings of the parties. See *Meinel v. Meinel,* 117 Pa. Superior Ct. 263, 266, 178 A. 174.

Justice and equity require that further testimony be taken in order to show all these matters.

The decree of the court below awarding a divorce a mensa et thoro is affirmed. The order of the court fixing counsel fees and alimony is reversed with a procedendo.

---

[1] Appellant states in his brief that the rental is $85 monthly, but that there is a mortgage of $3000 on the property requiring payments of $66.50 a month.