Best *v.* Best, Appellant.

Argued April 18, 1952. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*Allen N. Brunwasser,* for appellant.

*Louis T. Katusin,* with him *Cauley & Bowman,* for appellee.

OPINION BY ARNOLD, J., October 1, 1952:

The defendant-husband appeals from a decree of the court below (a) refusing him an absolute divorce, and (b) granting to his wife a divorce a mensa et thoro with alimony. The cases were tried together by the court below and the determination of the trial judge is entitled to the fullest consideration since he heard and saw the witnesses. We have made an independent and careful review of the evidence and are convinced, as was the court below, that the evidence is amply sufficient to sustain the decree granting her a divorce and denying one to him. The testimony discloses that the husband, over a long period, quarreled with her over finances, administered corporal punishment to her, had prolonged and unexplained absences from home, was guilty of open association with other women, and made requests on her for unnatural intercourse. A reading of the record shows that he was guilty of studied neglect, vulgarity, manifest disdain, abusive treatment, unmerited reproach, and plainly showed settled hate for her and estrangement from her.

As in *Morgan v. Morgan*, 171 Pa. Superior Ct. 625, 91 A. 2d 295, the determination by the court below of alimony of $75 per month is not sustained by the testimony. We again call attention to The Divorce Law, 23 PS §47, which limits alimony in a case like this to one-third of the annual profit or income of his estate or his occupation and labor. The testimony indicates that appellant's business nets him about $47.70 weekly. He had capital assets of bank accounts in the sum of approximately $1100, and deposits in his business account averaged $500 monthly. The court found that his earnings were $77.70 a week net. As to counsel fees, what we have stated in *Morgan v. Morgan,* supra, is equally applicable here: "There is no requirement that counsel fees be limited to a proportion of the income. Such fees should bear some fair relation to the

husband's estate and station in life; his ability to pay; the separate estate of the wife; and the character, situation and surroundings of the parties."

We think that justice requires that the record be remanded for the taking of further testimony, particularly as to the business account deposits of $500 monthly, after which the court below will make such order as the evidence justifies under the Act in question. See *Morgan v. Morgan,* supra.

The decree of the court below in No. 174 April Term, 1951, refusing appellant an absolute divorce is affirmed.

The decree of the court below in No. 175 April Term, 1951, granting the wife a divorce a mensa et thoro is also affirmed. As to the alimony and counsel fees allowed the wife, the order is reversed with a procedendo.