## Albrecht, Appellant, *v.* Albrecht.

Argued March 18, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*David H. Kubert,* for appellant.

*Roy Martin Boyd,* with him *Charles H. Brunner, Jr.,* for appellee.

OPINION BY HIRT, J., July 13, 1954:

Twenty six years after the marriage of the parties the plaintiff-husband brought his action in divorce. A decree was refused. This is the husband's appeal from the order of the lower court directing him to pay counsel fees in the sum of $1,500, in addition to reimbursing his wife for court costs, including copies of stenographic notes of the hearings before the master, which she had paid, amounting to $353.40. He did not dispute his wife's right to reimbursement for these costs.

Appellant paid $50 to defendant's counsel after bringing the action. He had left the common home in Narberth on January 5, 1952. Anticipating the need for legal services, the defendant then engaged counsel in Montgomery County. And when appellant thereafter established his domicile in Philadelphia and brought his action of divorce there, on January 18, 1952, it was necessary for her to retain associate counsel in that county. In defending the action she paid

her counsel $1,000 out of her own funds to apply on their fees; she has not asked to be reimbursed for that. In this proceeding she petitioned the court for an order on her husband for additional counsel fees. We agree that the order as made in the sum of $1,500 is reasonable in amount under the circumstances. This was a bitterly contested divorce action. There were 20 hearings before the Master and the testimony of plaintiff's own witnesses cover more than two-thirds of the record of 934 pages. It was necessary for both counsel representing the wife to be present at all of the hearings in Philadelphia and the quality of their representation is evidenced by the result. Their fees in the total sum of $2,550 were not excessive.

In determining a wife's reasonable counsel fees, there are no fixed rules as to the amount which a husband should pay. "How much shall be allowed . . . for counsel fees and expenses is a matter of judicial discretion and the validity of the order depends upon the proper exercise of that discretion: Lynn v. Lynn, 76 Pa. Superior Ct. 440, 442 ": *Brong v. Brong,* 129 Pa. Superior Ct. 224, 195 A. 439. In that case the then Judge PARKER stated the controlling principle thus: "The statute [then in force, identical as to counsel fees, with the amendment of May 25, 1933, P. L. 1020, 23 PS §46] contemplates the payment of a *reasonable* counsel fee, limited by the necessities appearing from the evidence, such as will as nearly as possible promote the administration of fair and impartial justice by placing the parties on a par in defending their rights." In determining the fair and just amount of counsel fees, just as in making an award for support, the husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered. Cf. *Karmany v. Karmany,* 71 Pa. Superior Ct. 308, 310.

Appellant admits that his interests in a closed family corporation and in a partnership with a brother, together, are worth $150,000. In addition the market value of securities owned by him is $12,000. His annual income is about $15,000. The defendant says that the value of his business interests is at least $175,000 but on appellant's own estimate of his income and financial worth, he is abundantly able to comply with the order.

In general the separate estate of the wife has a bearing on the amount of counsel fees which a husband should pay. *Morgan v. Morgan,* 171 Pa. Superior Ct. 625, 91 A. 2d 295. Since August 1, 1952, appellant has paid his wife $75 per week, alimony pendente lite, pursuant to an order of court. In addition he has paid the taxes and the upkeep charges of the home in Narberth, Montgomery County, which his wife has continued to occupy since the separation. She has a total personal estate of $19,090.26 consisting of cash and securities. Although the defendant has a substantial estate of her own, appellant's contention in this case that he should be relieved from paying additional counsel fees in any amount on that ground comes with ill grace from him after compelling her to defend a meritless action. The retaining of counsel by her in both Montgomery and Philadelphia Counties was justified in this case, and counsel had to be paid for their services. In our view the contribution of the wife of $1,000 in this case was at least her fair share of the cost of the reasonable fees earned by her counsel.

Order affirmed.