## Rothman *v.* Rothman, Appellant.

Argued November 17, 1955. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside, and Ervin, JJ.

*Edmund K. Trent*, with him *Carl E. Glock, William E. Miller* and *Reed, Smith, Shaw & McClay*, for appellant.

*Clyde P. Bailey,* with him *William J. Graham* and *Weller, Wicks & Wallace,* for appellee.

OPINION BY ERVIN, J., January 17, 1956:

This is an appeal by William H. Rothman, from an order of the court below requiring him to pay $1,500.00 for counsel fees to Leslie M. Rothman, who had obtained a decree in divorce.

A decree of absolute divorce was entered December 29, 1953. On January 22, 1954, William H. Rothman, the defendant in this proceeding, filed a petition to vacate the decree. A rule was granted, testimony was taken, and argument was heard on June 30, 1954 before the court in banc which entered an order on January 12, 1955 discharging the rule. On May 2, 1955, after the expiration of the time for appeal from the order discharging the rule, plaintiff filed a petition seeking counsel fees and obtained an order fixing May 10, 1955 as the time for hearing thereon. Defendant filed an answer in which he denied certain of the averments of the petition relating to the services of petitioner's counsel, pleaded that despite an income of $20,-000.00 in 1954 he was substantially indebted as the result of a large loss sustained by his partnership in 1952 and alleged by way of new matter that the court was without jurisdiction to award counsel fees because the petition therefor was filed too late and that petitioner was not in need of counsel fees, being married to a man with an annual income of at least $46,000.00 and being herself employed at a substantial salary. Plaintiff filed no denial of these allegations, took no testimony by way of depositions and offered no evidence at the hearing on May 10, 1955. On July 5, 1955 the court below entered an order awarding $1,500.00 for counsel fees. This appeal followed.

Appellant contends the court below had no jurisdiction to entertain a petition for counsel fees filed after the divorce case had been terminated. We cannot agree with this contention. By the Act of May 2, 1929, P. L. 1237, §46, as amended by the Act of May 25, 1933, P. L. 1020, §1, 23 PS §46, it is provided that "In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses." The statute contains no requirement that the petition for such fees and expenses must be presented during the pendency of the divorce proceeding. Of course, due to the nature and purpose of awards of alimony pendente lite, applications for such an award must be presented to the court prior to the termination of the proceedings but no such inherent restriction as to time of application applies to petitions for counsel fees and expenses. In *Williams v. Williams,* 175 Pa. Superior Ct. 409, 104 A. 2d 499, we upheld an order of the lower court awarding counsel fees for services rendered in connection with a hearing on a petition for attachment for failure to pay in accordance with an alimony order which was filed after the final decree of divorce a mensa et thoro had been entered and counsel fees paid upon such decree. The award of counsel fees in the *Williams* case covered professional services rendered after the termination of the original divorce proceedings and after payment of fees awarded for services rendered during the original proceedings. In the instant case there has been no payment of any counsel fees of the plaintiff in the original proceedings which must be considered as being finally terminated on April 12, 1955, the date when the time for appeal from the refusal of the court below to open or vacate the divorce decree expired. Therefore, under the authority of the *Williams* case we believe the lower

court could properly consider a petition for counsel fees filed subsequent to the expiration of the appeal period after termination of the divorce proceedings in the court below. Moreover, practical considerations fully support our conclusion. As stated in Freedman, Law of Marriage and Divorce in Pennsylvania, Vol. 2, §445: "From their very nature applications for counsel fees, and more especially for expenses, must frequently be held off, in some instances until after final decree. . . . it is difficult, in many cases, to determine the extent of legal services required until after the suit is well under way; and in many instances determination cannot be reached until after final decree, and, in some cases, not until after appeal. . . . The cost of summoning witnesses, of securing transcripts of the testimony and of printing the briefs and record upon appeal cannot be ascertained with exactness until these expenses are actually incurred. *Counsel fees, and expenses may, therefore, be allowed even though applied for after final decree.*" (Emphasis added) See also *Hartje v. Hartje*, 39 Pa. Superior Ct. 490.

However, the determination of the amount which shall be allowed for counsel fees is a matter of judicial discretion, and the validity of the order depends upon the proper exercise of that discretion. *Albrecht v. Albrecht*, 175 Pa. Superior Ct. 650, 107 A. 2d 209. In determining the amount to be allowed the wife for counsel fees, consideration must be given not only to the value of counsel's services and the wife's necessities but also to the husband's ability to pay and the character, situation and surroundings of the parties. *Brong v. Brong*, 129 Pa. Superior Ct. 224, 195 A. 439. In the instant case plaintiff's petition contained no averment relating to her need for the allowance sought nor was there any evidence produced at the hearing to show such need. Moreover, the court below in its opin-

ion states: "Defendant claims the plaintiff has a large income of her own, and it is true that she does receive a substantial salary." The court below properly recognized the fact that there was a considerable amount of work required by counsel in this case. But that is not the sole measure to be applied in the determination of the amount of counsel fees to be awarded. It will be noted that the statute provides that the court *may, in proper cases,* allow a *reasonable* counsel fee. However, a fundamental factor to be considered is the need of the wife. In *Meinel v. Meinel,* 117 Pa. Superior Ct. 263, 266, 178 A. 174, Judge KELLER stated: "We have repeatedly said that the financial circumstances of the parties is to be taken into consideration in allowances for a respondent's counsel fees." And in *Koehler v. Koehler No. 2,* 73 Pa. Superior Ct. 44, the necessities of the wife for counsel fees were considered to be a controlling element, the court applying the same principles considered in determining the amount of alimony pendente lite.

Considering the failure to aver need in the petition and the lack of any evidence whatever to show any need the lower court abused its discretion in awarding $1,-500.00 counsel fees. We think that justice and equity require that testimony be taken to determine the plaintiff's need, if any there be, after which the court below will make such order as the evidence justifies under the Act in question. See *Best v. Best,* 171 Pa. Superior Ct. 629, 91 A. 2d 296.

The order is reversed with a procedendo.

---

OPINION BY WRIGHT, J., CONCURRING IN PART AND DISSENTING IN PART:

I agree with the majority that there was in this case a failure to demonstrate need. I would go further,

however, and hold that the petition should have been summarily dismissed because it was not filed in time. The *Williams* case, relied upon by the majority, does not control the present situation. We were there concerned with an application for counsel fees covering services rendered in resisting a request for reduction in the amount of alimony after divorce a mensa et thoro. Our decision was expressly based upon continuing jurisdiction to modify the decree in such regard. In the case at bar, a decree of absolute divorce was entered, a rule to vacate was discharged, and the appeal period expired. Debet esse finis litium.

HIRT and WOODSIDE, JJ., join in this opinion.