## Shur v. Shur

*Harold J. Conner* and *Dennis E. Haggerty*, for plaintiff.

*Morris Michael Marks*, for defendant.

CRUMLISH, J., October 3, 1956.—We have before us for disposition, a petition and rule for payment of alimony pendente lite, counsel fees and costs in an

action in divorce a. v. m., and a second petition and rule for additional alimony and counsel fees.

The complaint in this divorce action was filed by plaintiff husband on November 5, 1952. Defendant wife was then, as now, a resident of Baltimore, Md. After service was made upon her she consulted a lawyer in her city, who in turn engaged Philadelphia counsel to represent her in the court here. The latter counsel entered his appearance for defendant on November 24, 1952. Defendant did not file an answer nor was a bill of particulars demanded. On December 4, 1952, a master was appointed. Subsequently, for the purposes of his office, the master attempted to hold a hearing, but was unsuccessful. He allowed continuances and delays at the request of respective counsel.

On January 21, 1953, the first of the rules we are considering was taken on plaintiff for counsel fee, costs and alimony pendente lite. Argument was never had on the rule, and depositions were not taken thereon.

The master set numerous hearing dates, all of which were postponed at the instance of one of the parties. Finally, on November 3, 1955, almost three years after the date of his appointment, the master insisted that a hearing be held.

The master's report contains a copy of a letter to him from defendant's counsel, which reads, inter alia, as follows: "Defendant is without funds and is therefore not able to pay for representation in this case. I have never received a counsel fee in the matter. Unless the Petition for Alimony, Counsl Fees and Costs is satisfactorily disposed of before that time, it will not be possible for me to be present at the hearing on November 3rd; nor will it be possible for defendant to appear in her own behalf to contest this divorce action."

In disregard of the defense counsel's letter, and while defendant's rule for counsel fees, etc., remained dormant, the master held a hearing on November 3, 1955. Neither defendant nor her counsel was present at the hearing. No defense was offered to plaintiff's averment of desertion. When the master filed his report, he found defendant wife had willfully deserted plaintiff on September 3, 1945, and that plaintiff was the injured and innocent spouse. He sustained plaintiff's cause and recommended to the court that the prayer of the complaint be granted.

Counsel for defendant, upon receipt of the master's report, filed exceptions thereto, attacking the propriety of the master's action in holding a hearing when he was on notice that the alimony and counsel fee rule was still unadjudicated, and further having been advised that defendant did not have funds of her own to defend the action on the date of the meeting.

The court notified the parties that the first rule would have to be disposed of before argument on the exceptions to the master's report would be entertained. Accordingly, depositions were taken of defendant wife on May 7, 1956, in Baltimore, Md., and of defendant's Philadelphia counsel on May 9, 1956. Two days later, defendant's counsel filed the second rule of which we have spoken above.

The statutory authority under which a court may award alimony pendente lite and counsel fees is found in The Divorce Law of May 2, 1929, P. L. 1237, sec. 46, as amended by the Act of May 25, 1933, P. L. 1020, sec. 1, 23 PS §46: "In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses."

One of the fundamental considerations before the court in matters of this kind is the need of the wife. The purpose of allowing alimony pendente lite is to assist a wife in meeting the financial burden a law suit imposes. Whether or not an award is made is solely within the discretion of the trial court. Since such order is merely interlocutory, no appeal may lie from the court's refusal to grant alimony pendente lite: Hanson v. Hanson, 177 Pa. Superior Ct. 384 (1955).

We have carefully considered the depositions taken of defendant in this cause. Her testimony was vague and indefinite; her knowledge of plaintiff's income was meager; statements concerning her own income were unsatisfactory; her attitude concerning the divorce proceedings casts serious doubt on her good faith in seeking to defend herself in this action. It is abundantly clear that defendant blew hot and cold in her desire to contest the divorce, and only three months prior to the taking of her depositions finally decided to move forward in her defense. It would appear that while counsel was diligently trying to effectuate an accord over a period of three years, defendant was frequently singularly unconcerned about the matter. On the basis of the record before us, we find no sound basis for award to defendant wife for alimony pendente lite. Accordingly, those portions of defendant's rules referring thereto are dismissed.

Having concluded no alimony pendente lite is to be paid in this action, we turn to defendant wife's portion of the rules for fees and costs.

When a wife seeks counsel fees in a divorce action, the amount awarded is within the discretion of the court. Unless there is a manifest abuse of judicial discretion the lower court's decision will be final: Bredbenner v. Bredbenner, 175 Pa. Superior Ct. 580,

586 (1954) ; Dash v. Dash, 163 Pa. Superior Ct. 229 (1948).

Before ruling on this defendant wife's right to counsel fees, it is worthy to point out that such a rule is collateral to the merits of the principal action involved, and the master was completely justified, under the circumstances here, in refusing further delays and proceeding with the hearing for the purposes for which he was appointed. See Hanson v. Hanson, supra.

There is nothing in the rules of civil procedure that directs the master to delay his hearing until such concurrent rules as those for counsel fee and alimony pendente lite are adjudicated. Pa. R. C. P. 1131 states: "The action shall be at issue when (a) an answer has been filed; or (b) if no answer has been filed, twenty (20) days after the defendant has been served personally; or (c) if no answer has been filed and service has been made by publication, twenty (20) days after the last appearance of the publication."

Pa. R. C. P. 1133 states, inter alia: "(a) After the action is at issue, the court shall hear the testimony, or upon its own motion or the motion of either party may appoint a master to hear the testimony and return the record and a transcript of the testimony to the court, together with his report and recommendation."

This matter was at issue 20 days after defendant was served with notice of the filing of the complaint, which was on November 5, 1952. That the master indulged the parties by delaying his hearing while possible accord negotiations were carried on was a matter of grace on his part, and when he proceeded with the taking of testimony after appropriate notices to counsel, he exercised proper authority. The letter that defense counsel sent to the master concerning the proposed hearing was out of order. It did not make it incumbent upon the master to again postpone his hear-

ing. If counsel wanted time to produce his defendant, he should have made formal motion before the court for a continuance, sufficient in time to permit his client to appear to present testimony. For example, he could have taken a rule on plaintiff for the necessary expenses to be incurred in transporting defendant to Philadelphia, and for her maintenance as the hearings progressed. It was improper for defense counsel to seek a further continuance from the master, when the matter was long since ready for consideration, by stating neither he nor his client would appear at the hearing because of the rule outstanding.

Procedurally, it was the duty of counsel for the wife defendant to order the rule for counsel fee and alimony pendente lite placed before the court for adjudication. Since it was the wife's rule, as the moving party, her counsel should have taken positive action. Pa. R. C. P. 209 provides, inter alia, that should the moving party fail to proceed by rule or agreement to take depositions or order the cause for argument, then the respondent may take a rule as of course to show cause why the moving party should not proceed. The rule is permissive, not mandatory. No positive duty rested with plaintiff's counsel to order the rule for argument prior to the master's hearing.

Reaching the heart of the matter, defendant wife requests, in addition to an initial counsel fee, that the Baltimore counsel be awarded the sum of $350 for his services. Further she suggests a sum in excess of $1,125 for her Philadelphia lawyer. Counsel's brief reads as follows:

"Under the terms of the Minimum Fee Schedule of the Philadelphia Bar Association, office work of a Philadelphia lawyer should be paid for at a minimum of fifteen dollars ($15) per hour. The time spent by defendant's Philadelphia counsel should accordingly be compensated for in the amount of twelve hundred and

fifty dollars ($1,250) in addition to his out-of-pocket expenditures of twenty-seven dollars and thirty-four cents ($27.34). Baltimore counsel should also be paid a reasonable fee for his services, and no evidence was introduced by plaintiff to contradict his statement that three hundred fifty dollars ($350) would be such a reasonable fee. In addition he should be compensated his out-of-pocket expenditures of twenty dollars ($20)."

We note that the recommendation by the Philadelphia Bar Association in its schedule of minimum fees, as adopted October 10, 1955, is that in a contested divorce case, counsel charge $350 plus $100 per day before the master after the first hearing, and for preparation of contested cases, per hour additional, $15. Such a fee arrangement may be very proper as a contractual understanding between attorney and client. When the court is asked, however, to determine a counsel fee for a wife (plaintiff or defendant) it is necessary to look beyond a suggested schedule and consider all surrounding circumstances.

Our Superior Court has set forth the criterion to be used in determining a reasonable counsel fee for a wife. The following recent decisions review the well-established measuring rod to be used by the court in carrying out its statutory power.

In Rothman v. Rothman, 180 Pa. Superior Ct. 421 (1956), an award of $1,500 to plaintiff wife's counsel was set aside on the ground that there was insufficient evidence to justify such a fee. On page 425, Judge Ervin said: "In determining the amount to be allowed the wife for counsel fees, consideration must be given not only to the value of counsel's services and the wife's necessities but also to the husband's ability to pay and the character, situation and surroundings of the parties. Brong v. Brong, 129 Pa. Superior Ct. 224, 195 A. 439."

In discussing the opinion of the lower court, Judge Ervin said, at page 426: "The court below properly recognized the fact that there was a considerable amount of work required by counsel in this case. But that is not the sole measure to be applied in the determination of the amount of counsel fees to be awarded. It will be noted that the statute provides that the court *may, in proper cases,* allow a *reasonable* counsel fee. However, a fundamental factor to be considered is the need of the wife."

In Albrecht v. Albrecht, 175 Pa. Superior Ct. 650 (1954), we find a contrasting situation. An award of $1,500 to defendant wife's counsel was held to be reasonable in amount. Using criteria similar to that set forth in the Rothman case, supra, the court reached an opposite conclusion. A reading of each opinion shows logical and understandable reasons for each result.

Counsel has presented us with a lengthy record of time spent on behalf of the wife defendant in this matter. There is little to indicate, however, that counsel's efforts were directed toward the wefare of his client, in the way of formulating and preparing a defense. From depositions taken of the Philadelphia counsel, we learn that he never met his client and never had direct dealings with her. Counsel states with apparent pride, that in spite of the master's attempts on 19 different occasions to hold a hearing prior to a determination of his pending rule, he was successful in warding off such hearing. Albeit within the master's discretion, acting under the advice and with the consent of the court, to grant extensions of time, as was done in this case, nevertheless, the court cannot share counsel's pride in delaying the determination of the merits of this controversy.

We concur with defendant's counsel that the duties he undertook in defendant's behalf were in his words

"multiplied out. of all proportion to the usual duties of defendant's counsel in a simple, uncontested divorce action." Counsel is a reputable member of the bar, and we have no cause to question his statement that he felt good legal practice forced him to try to negotiate instead of taking depositions in support of his rules. We think counsel seriously erred, however, in refusing to appear at the master's hearing, and failing to present his client to defend herself.

In the recent case of Rothman v. Rothman, supra, the court cited with approval Freedman, Law of Marriage and Divorce in Pennsylvania, vol. 2, §445: " 'From their very nature applications for counsel fees, and more especially for expenses, must frequently be held off, in some instances until after final decree . . . it is difficult, in. many cases, to determine the extent of legal services required until after the suit is well under way; and in many instances determination cannot be reached until after final decree, and, in some cases, not until after appeal. . . . The cost of summoning witnesses, of securing transcripts of testimony and of printing the briefs and record upon appeal cannot be ascertained with exactness until these expenses are actually incurred. *Counsel fees, and expenses may, therefore, be allowed even though applied for after final decree*'." (Italics supplied.)

As heretofore stated, defendant's Philadelphia counsel is a respected member of the bar, and we must assume he acted in good faith initially in entering his appearance for defendant and attempting to negotiate an accord. For his efforts he should receive some compensation. In like manner, consultation with a Baltimore attorney was a necessary step for defendant to gain a full understanding of the action brought against her, therefore counsel in her home city should also be entitled to a reasonable fee for his services.

On her first rule, defendant is awarded the sum of $100 for counsel fees.

In her deposition, defendant testified that plaintiff told her he had a bank account of about $4,000. At another point in the deposition, she volunteered the comment, "Don't think it right my husband make One Hundred Twenty-Six Dollars a week. Think that right?" No substantiating evidence was offered to prove defendant's assertions; neither did plaintiff's counsel seek to disprove them.

Defendant's testimony did not give evidence of a deep-seated conviction that the divorce action should be contested. Counsel neverthless should be reimbursed for alleged expenditures. The wife defendant is, therefore, awarded $47.34 for costs. On the second rule for additional counsel fees, we will award a sum of $100 to defendant to compensate counsel for their extra work in this action. In view of all the surrounding circumstances, we think an award to the wife, as aforesaid, totaling the sum of $247.34 is manifestly fair, and all that she is entitled to received.

The court directs plaintiff to make payment forthwith in accordance with this opinion.