Davidson, Appellant, *v.* Davidson.

Argued November 12, 1959. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., and HIRT, J., absent).

*Harold Gondelman,* with him *J. B. Alpern,* for appellant.

*Ruth Cooper,* with her *Dane Critchfield,* for appellee.

OPINION BY ERVIN, J., December 17, 1959:

The appellant in this appeal contends that the allowance of $1,000.00 as additional counsel fees to the wife's attorney in the divorce proceedings between the parties is excessive. We have this day filed an opinion

affirming the court below in decreeing a divorce to the appellant in this present appeal. We have briefly reviewed the evidence in the opinion in the divorce proceedings and need not repeat what was there said except to say that this divorce case was vigorously contested by the defendant and her counsel. There were seven days of hearings before the master and it required 833 typewritten pages of testimony in the divorce proceedings.

The husband instituted the divorce action on August 12, 1953. On January 23, 1957 a petition for preliminary counsel fees and alimony pendente lite was filed. After hearing the court below ordered the husband to pay the sum of $250.00 as preliminary counsel fees and the sum of $75.00 per month as alimony pendente lite. On July 9, 1959, after dismissing the exceptions to the master's report granting the divorce to the husband, the court below awarded the additional sum of $1,000.00 as counsel fees. On July 10, 1959 the court awarded the master the sum of $850.00, which sum was in addition to the $100.00 master's fee previously paid on October 25, 1956.

The husband testified that he receives $61.00 per week; that he has no property or estate and that he works as a butcher in a store formerly owned by his deceased father and presently owned by his mother. The wife admitted that she was employed by the Peoples Water & Gas Company in Miami, Florida, and that her take-home pay was $45.00 per week. She had been employed by this company from May 20, 1954.

In *Brong v. Brong*, 129 Pa. Superior Ct. 224, 195 A. 439, the controlling principles in determining the validity of an order for counsel fees were stated as follows: "There are no fixed rules as to the amount to be allowed. It is not to be measured solely by the value of counsel's services or by the wife's necessities. 'The husband's ability to pay, the separate estate of the wife,

the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay': Karmany v. Karmany, 71 Pa. Superior Ct. 308, 310. To deny a destitute wife the means to pay for process and professional aid is to deny her justice (Hartje v. Hartje, 39 Pa. Superior Ct. 490), and likewise to deny an innocent and injured husband a divorce unless he pay counsel fees beyond his ability to pay is to close the doors of the courts to many worthy suitors. The statute contemplates the payment of a *reasonable* counsel fee, limited by the necessities appearing from the evidence, such as will as nearly as possible promote the administration of fair and impartial justice by placing the parties on a par in defending their rights."

The review of an award of counsel fees on an appeal is limited to the examination of the question of the exercise of judicial discretion by the court below and the order may be reversed only if it appears that there has been a manifest abuse of discretion: *Cox. v. Cox*, 187 Pa. Superior Ct. 177, 144 A. 2d 458.

We should also take into consideration the reduced purchasing power of the dollar at this particular time.

We cannot say that the court below abused its discretion. We do feel, however, that the order should be made to cover all of the wife's attorney's fees, including the preparation and presentation of this appeal. As so modified the order is affirmed.