## Fisher v. Fisher

*C. Henry Nicholson, III*, for plaintiff.
*Harold S. Hampson*, for defendant.

FLICK, P. J., July 10, 1961.—At the close of the trial, defendant's counsel filed a motion for additional counsel fees. After summation and argument by counsel, a decision of the case in defendant's favor, dismissing the husband plaintiff's complaint, was announced from the bench. The court also said that a written opinion would be filed and that a decision

would also be handed down on this motion. The motion requests the court to fix the attorney fee for defendant in an amount that will conform with the minimum fee bill of the Warren County Bar Association.

The minimum fee bill of the Warren County Bar Association provides for a fee of at least $300 for all proceedings in a contested divorce. As plaintiff was ordered on April 25, 1961, to pay alimony pendente lite and an attorney fee of $200, the purport of the motion is to seek an allowance of an additional $100. The allowance of fees after decision of the case was approved in Rothman v. Rothman, 180 Pa. Superior Ct. 421.

The consideration which the court should give to minimum fee schedules of bar associations was discussed in Shur v. Shur, 11 D. & C. 2d 270. There, defendant's counsel petitioned for fees as recommended by the Philadelphia Bar Association amounting to $350 for her Baltimore counsel and $1,250 for her Philadelphia counsel. The total fee allowed was $200. Referring to the minimum fee schedule, the court said:

"Such a fee arrangement may be very proper as a contractual understanding between attorney and client. When the court is asked, however, to determine a counsel fee for a wife (plaintiff or defendant) it is necessary to look beyond a suggested schedule and consider all surrounding circumstances": page 276.

Without examining the law on the subject, it might seem strange not to allow a defendant wife, whose counsel successfully defends the action, an attorney fee of at least as much as the minimum fee that the unsuccessful husband would be required to pay his counsel. However, as stated in Shur v. Shur, supra, page 276, quoting from Rothman v. Rothman, supra, page 425:

" 'In determining the amount to be allowed the wife for counsel fees, consideration must be given not only

to the value of counsel's service and the wife's necessities but also to the husband's ability to pay and the character, situation and surroundings of the parties. Brong v. Brong, 129 Pa. Superior Ct. 224, 195 A. 439.' "

In the instant case, plaintiff was unable to establish grounds for a divorce. He therefore continues to owe support to his wife, as well as their two children. To require plaintiff to pay at least $600 in counsel fees for his unsuccessful venture, and all the court costs, would be, in view of his present earnings, obligations, and the amount available for support of his family, an unjustifiable hardship on his family. The "character, situation and surroundings of the parties," as shown by the evidence in this case, indicate quite clearly that the wife is not blameless. She did not treat her husband in a manner to indicate settled hatred or estrangement, but she did show a certain lack of reverence for his personality, which, together with a lack of sage advice as to his marital complaints, no doubt helped to inspire him to start the divorce action. As any marriage counselor would advise, offers of reconciliation will fail if impossible, unrealistic or unduly harsh and belittling conditions are demanded.

Under the circumstances of this case, the wife will be allowed an attorney fee of $250. Therefore, the present motion is granted to the extent that the plaintiff is required to pay $50 in addition to the $200 required of him by the previous order. If the wife's counsel has properly earned a larger fee, there is no reason why she should not pay the excess over the amount awarded, in small installments out of her own earnings, in order not to cause any drastic change in the finances available for her and her children. The record shows that the wife is a nurse and has had regular part time employment at the hospital.

Wherefore, the court makes the following order:

*Order*

Now, July 10, 1961, the wife-defendant is awarded an additional counsel fee of $50 and plaintiff is ordered to pay the same. All costs in the action are to be paid by plaintiff.