## Sigle v. Sigle

*William H. Mitman,* for plaintiff.

*C. Richard Morton,* for defendant.

GAWTHROP, P. J., July 24, 1964.—On the tenth day following the filing of the master's report recommending dismissal of plaintiff's complaint, defendant took a rule for allowance of additional counsel fees. No exceptions to the report having been filed, the complaint was dismissed at the expiration of 10 days after filing of the master's report under the provisions of

section 15 of the rules of this court on the subject of divorce. Upon an earlier petition alleging the wife's need, to which no answer was filed, an order was entered upon stipulation of counsel for payment of $75 on account of counsel fees and costs, which amount has been paid. The terms of the stipulated order expressly provided, inter alia:

"Leave is granted to the Defendant, NATALIE R. SIGLE, to apply for additional sums on account of Counsel Fees and Costs at a later date."

Testimony was taken as to the nature, extent and value of counsel's services rendered to defendant. Plaintiff's earnings and the amount of an order of support outstanding against him and its current status were stipulated. No evidence was presented as to defendant's need, nor was there any averment of that need in the current petition. After argument, the matter is before us for decision. The rule must be discharged without prejudice.

Plaintiff's counsel relies upon Rothman v. Rothman, 180 Pa. Superior Ct. 421, which requires both the averment in the petition and production of evidence at hearing to establish the wife's need before counsel fees may be allowed. That case is controlling to the extent that sufficient evidence of the wife's need must be presented here to support the allowance claimed. On the other hand, the averment of her need contained in the earlier petition, undenied by plaintiff, coupled with counsel's stipulation on which the terms of the earlier order were based granting leave to the wife to apply for additional counsel fees and costs, carries over into this application, making unnecessary an amendment to the present petition in that respect.

And now, July 24, 1964, the prayer of the petition is refused, and the rule is discharged without prejudice, however, to the right of defendant to proceed further to establish by evidence her need for the allowance sought.