## Betz *v.* Betz, Appellant.

*Divorce—Alimony—Discretion of court.*

The foundation upon which the right of alimony is based, is the right of the wife to such support from her husband as she would be reasonably entitled to expect from a man in his position financially.

396, (1918).]    Syllabus—Statement of Facts.

The law does not contemplate that under the guise of an allowance of alimony, a portion of the estate of a husband shall be taken from him and given to his wife; nor does the law of Pennsylvania vest the Courts of Common Pleas with authority to punish a husband for the crime of adultery in fixing the amount of alimony: nor is alimony to be awarded upon the principle that the wife is entitled to one-third of her husband's income.

The station in life of the parties, the manner in which they have lived, and the income of the husband may all be taken into consideration in determining the amount of alimony. If, however, the income of the husband has been very large, the mere fact that he has spent all of it, no matter how foolishly, is no reason for holding that the wife should receive, as alimony, one-third of the entire income to spend in an equally extravagant manner. What she is entitled to, is an allowance sufficient to maintain her in a manner reasonably warranted by the station in life and financial resources of her husband.

In an action brought by a wife having two children against her husband for divorce from bed and board on the ground of adultery, the master recommended a decree in favor of the wife, and fixed as alimony the annual sum of $30,000. The husband's income was over $91,000, derived mostly from the brewery business. In fixing this amount the master assumed that the court was vested with authority to punish the respondent for his misconduct, and that alimony was to be awarded upon the principle that the wife was entitled to one-third of her husband's income. The court sustained the master's report, but reduced the alimony to $27,000 per year, without stating any reason for such reduction. *Held*, that the decree should be affirmed inasmuch as the appellate court was unable to say with certainty that it involved an abuse of discretion, but that the husband should have leave thereafter to move the court below to modify the decree upon sufficient cause shown.

Argued Nov. 23, 1917.   Appeal, No. 291, Oct. T., 1917, by defendant, from decree of C. P. No. 1, Philadelphia Co., June T., 1917, No. 151, awarding divorce in case of Emma G. Betz v. John F. Betz.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Libel for divorce a mensa et thoro.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*P. F. Rothermel, Jr.,* for appellant.—The master bases his recommendation upon the assertion that "the great weight of authorities in a case like this is to allow the wife one-third of the husband's income."

An examination of all the reported adjudicated American cases which the diligence of counsel has been able to discover, fails to disclose a single one sustaining this proposition.

The following is a review of all reported cases in Pennsylvania and all other American reported cases in which the husband's income exceeded two thousand dollars per annum.

Ellis v. Ellis, 2 W. N. C. 49. This was a case in Court of Common Pleas No. 1 in which the husband had an income of between $15,000 and $30,000 per year, and alimony pendente lite was granted in the sum of $3,000 per year.

Edgar v. Edgar, 23 Pa. Superior Ct. 220. This was a divorce a mensa et thoro and it appeared that the husband, the respondent, had property worth about $90,000 and an income of about $4,000 a year. Alimony was allowed in the sum of $1,300 per annum.

McAndrews v. McAndrews, 31 Pa. Superior Ct. 252. In this case alimony of $20 a month was allowed the wife and the husband's salary was $135.40.

Crawford v. Crawford, 54 Pa. Superior Ct. 304. In this case alimony was allowed in the sum of $5 a week, or $250 a year, the husband's income having been $2,000 a year.

Crawford v. Crawford, 64 Pa. Superior Ct. 30. It appeared that the husband had a net income of between $1,000 and $1,200 a year. Alimony was allowed in the sum of $300 a year.

Halferty v. Halferty, 6 Pa. Dist. 613. This was a case of divorce brought by the husband for indignities to his

person, the statute in such cases providing for a decree against the husband upon obtaining his divorce of "such support or alimony to the wife as the husband's circumstances may admit of and as said court may deem just and proper."

It appeared that the husband's income was small and not sufficient to give the wife all the alimony which the court would otherwise have been inclined to grant her and the court thereupon held that the amount of the alimony should be measured rather by the husband's ability to pay, having regard to his income and obligations, than the necessities of the wife.

McClurg's Appeal, 66 Pa. 366. This was a case in divorce a mensa et thoro with alimony, the latter being fixed in the sum of $1,200, while the net annual income of the husband's property was apparently between $2,500 and $3,000. The Supreme Court found no error in the granting of the divorce, but thought that the amount of alimony allowed was not supported by the testimony and for that reason modified the decree of divorce with alimony of $1,200 by reducing the amount of alimony to $900 a year, which was one-third of $2,700.

Hartje v. Hartje, 39 Pa. Superior Ct. 490. This case is considered in full, supra, page 28.

Stewart v. Stewart, 51 N. Y. A. D. 629, in which, where the respondent's income was $3,300, allowance of $650 a year was given as alimony.

Forrest v. Forrest, 8 Bosw. 640, in which an allowance of $4,000 per annum was awarded where the husband's estate was worth between $200,000 and $300,000, and he had an income from his profession of $12,000.

Burr v. Burr, 7 Hill 228, where an allowance of $10,-000 a year was made, the respondent being worth $1,-000,000.

Emerson v. Emerson, 68 Hun. 37, where an allowance of $2,400 a year was sustained where the husband's annual income amounted to about $10,000.

Harris v. Harris, 83 N. Y. A. D. 123, in which an allowance of $2,400 was held not excessive in a case where the husband's income was about $4,500, but the award of alimony included also a fund for the maintenance of four children.

Woodburn v. Woodburn, 95 N. E. 268, in which an allowance of $2,250 was not considered excessive. The income of the respondent was not stated.

Schammel v. Schammel, 74 Cal. 36, $125 a month was allowed where the husband had a monthly income of $432.

Brokaw v. Brokaw, 123 N. Y. Sup. 17, in which the husband's acknowledged estate was over $1,600,000 and his acknowledged income $70,000. Though the court was of the opinion that the respondent's estate and income were much larger than as above stated, alimony was awarded in the sum of $15,000.

Tower v. Tower, 119 N. Y. Sup. 506, in which alimony was awarded in the sum of $700 a month based upon an amicable agreement of separation in which that sum had been fixed, the circumstances of the husband not being given in the report.

Cooper v. Cooper, 185 Ill. 168. The husband's estate being over a million and a half dollars and his income about $250,000 a year, alimony was allowed in $7,200 a year.

Moore v. Moore, 130 N. C. 333. The estate of the husband was between $80,000 and $100,000 in value, and his income from $8,000 to $10,000. Alimony was awarded in $4,000 a year.

Harding v. Harding, 144 Ill. 588, and 180 Ill. 481. The husband's estate was over $1,000,000 and his gross income about $120,000, but his net income was about $30,000, as he had numerous debts. Alimony for the wife was allowed in the sum of $6,400 a year.

Moran v. Moran, 2 Atlantic (N. J. Chanc.) 777, in which the husband's income was $2,300 per annum and the award was $766.

396, (1918).]     Arguments—Opinion of the Court.

Smith v. Smith, 193 S. W. (Mo. Ct. of App.) 894, in which the husband's income was $20,000 a year and the alimony awarded was $1,800 a year.

*Cornelius Haggart, Jr.,* with him *John R. K. Scott* and *William T. Connor,* for appellee.—There is ample authority for the making of an order such as that made by the court below, in view of the financial status and circumstances of the respondent: Cooke v. Cooke, 2 Philadelphia 40; Lord Pomfret's Case, 3 Philadelphia 110; Smith v. Smith, 2 Philadelphia 235; Edgar v. Edgar, 23 Pa. Superior Ct. 220; Crawford v. Crawford, 64 Pa. Superior Ct. 30; Cooper v. Cooper, 185 Ill. 168.

OPINION BY PORTER, J., October 12, 1918:

This is an action brought by a wife against her husband for divorce from bed and board on the ground of adultery, and for alimony. The court below referred the case to a master, who, after taking testimony, recommended a decree granting a divorce to the libellant from the bed and board of the respondent, and ordering the respondent to pay to the libellant the annual sum of $30,-632, in monthly payments, for her support and maintenance. The court below approved the report of the master and entered a decree of divorce a mensa et thoro, but sustained exceptions to the amount of alimony recommended by the master and fixed the alimony to be paid by the respondent at $2,250 per month, that is $27,000 per year. The respondent appeals from that decree. The evidence produced by the libellant fully established the adultery of the respondent. This dispute is over the amount of alimony that should be allowed.

The evidence established that the respondent's property, real and personal, was worth about $2,000,000, a considerable part of said property being unproductive, and that his income during the year 1916 was $91,897.83, a large part of which income was derived from the operations of the Betz Brewing Company. The amount

which the master recommended should be awarded the libellant each year as alimony, was practically one-third of the entire income of the respondent. The report of the master clearly shows that, in fixing this amount, he assumed that the court was vested with authority to punish the respondent for his misconduct, and that alimony was to be awarded upon the principle that the wife was entitled to one-third of her husband's income. We are of opinion that in each of these positions the learned master was in error. The law of Pennsylvania does not vest the Courts of Common Pleas with authority to punish a defendant for the crime of adultery, that jurisdiction is vested in another tribunal. Alimony is an allowance made to a wife, upon a decree of divorce, for maintenance, support and supply. The law does not contemplate, that under the guise of an allowance of alimony, a portion of the estate of a husband shall be taken from him and given to his wife. This libellant is not seeking a dissolution of the marriage relation but the right to live apart from her husband. The allowance of alimony, in such a case, is based upon the existence of the marriage relation, the ability of the husband and the necessities of the wife. The foundation upon which the right of alimony is based is the right of the wife to such support from her husband as she would be reasonably entitled to expect from a man in his position financially. In several of the English cases which led the master to conclude that the wife should be allowed one-third of her husband's income, the courts gave weight to the circumstances that the husband had originally received through his wife, upon their marriage, the property from which the income was derived. That is a consideration which can have no weight in Pennsylvania; the Act of April 11, 1862, P. L. 430, which is a supplement to the Act of February, 26, 1817, 6 Smith's Laws 405, makes express provision with regard to the income derived from such property. As the marital relation is to be continued between these parties, the principles to be applied in the ascer-

tainment of a widow's dower, or the statutory substitute for her right of dower, can have no application. The Act of February 26, 1817, as amended by the Act of 1862 authorized the court, in such a case as this, to allow the wife such alimony "as her husband's circumstances will admit of, so as the sum do not exceed the third part of the annual profit or income of his estate, or of his occupation and labor; which shall continue until a reconciliation, &c." This legislation did not change the nature of the allowance to be made nor the principles upon which the amount thereof should be ascertained; the one-third of the income was fixed as the maximum of alimony; McClurg's App., 66 Pa. 366.

The station in life of the parties, the manner in which they have lived and the income of the husband, may all very properly be taken into consideration in determining the amount of alimony which should be paid. If, however, the income of the husband has been very large, the mere fact that he has spent all of it, no matter how foolishly, is no reason for holding that the wife should receive, as alimony, one-third of the entire income, to spend in an equally extravagant manner. What she is entitled to is an allowance sufficient to maintain her in a manner reasonably warranted by the station in life and financial resources of her husband. It is true that in many cases in Pennsylvania approximately one-third of the income of the husband has been decreed to the wife as alimony, but in all of such cases the income of the husband was not very large. When the income is small a larger proportion of it is reasonably necessary for the maintenance of the wife. This principle is illustrated in MacQueen's Law of Divorce, thus: "A fifth of one hundred pounds per annum would be too little and a fifth of one hundred thousand pounds would be too great." If the court had adopted the suggestion of the master and decreed the payment of alimony in the amount which he recommended, it might reasonably be assumed that the decree was entered for the reasons given by the master; in which

case we might have been constrained to modify the order. The court did not, however, adopt the recommendation of the master; it awarded alimony in an amount $3,632 less than the annual amount recommended by the master. It cannot be said, therefore, that the court below adopted the theory of the master.  The court filed no opinion; it may be that it declined to follow the recommendations of the master for the reason that it did not accept his view as to the principles upon which alimony should be awarded.   The evidence disclosed that two children, the fruits of this marriage, are now with their mother, who, having for sufficient reason left the home of her husband, has been put to unusual expense.  The court was vested with discretion in this matter, the amount of alimony awarded is less than one-third of the income of the husband, and we are unable to say with certainty that the decree involved an abuse of discretion.  The evidence established that a large part of the income of the respondent is derived from a business which has been subjected to heavy and varying rates of taxation and regulations which render its future uncertain.  The necessities of the Federal government have, since this case was argued in the court below, resulted in increased taxation of such large incomes as that of this respondent and additional exactions of this character are reasonably to be anticipated. The power of the courts to modify such a decree as that with which we are now dealing, and increase or decrease the amount to be paid as alimony, so as to conform to the equitable rights of the parties is clearly recognized in McClurg's App., supra.  The right of this respondent to his property and the income which it produces is subordinate to the power of the government to levy taxes and regulate the business from which the income is derived. It is within the power of the court below to grant such relief to the appellant as to right and justice may appertain, upon his application, when testimony can be taken fully disclosing the financial condition of the respondent

and the amount reasonably necessary to maintain the libellant according to the station in life of the parties.

The decree of the court below is affirmed, with leave hereafter to move the court below to modify such decree upon sufficient cause to be shown, and the costs are ordered to be paid by the appellant.