# Lynn v. Lynn, Appellant (No. 2).

*Divorce—Counsel fees—Expenses—Master's fees.*

In an action for divorce, allowances by the court for counsel fees, expenses and master's fees depend for validity upon the proper exercise of judicial discretion. In the absence of evidence of abuse of that judicial discretion, the Superior Court will affirm an order of the court below allowing additional counsel fees of $7,500, expenses of $2,156, and additional master's fees of $800 in a case which was bitterly contested for several years with over fifty meetings to take testimony, some of which were in other states.

Argued December 14, 1920. Appeal, No. 277, Oct. T., 1920, by respondent, from order of C. P. No. 5, Phila.

Co., June T., 1916, No. 17, allowing additional counsel fees, expenses and master's fees in the case of Alberta H. Lynn v. Jacob H. Lynn. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Rule for additional counsel fees, expenses and master's fees. Before MARTIN, J.

The facts are stated in the opinion of the Superior Court.

The rule was made absolute. Respondent appealed.

*Error assigned* was the order of the court.

*J. Hibbs Buckman* and *W. J. Sturgis,* for appellant.— The order of the Superior Court in this case—Lynn v. Lynn, 68 Pa. Superior Ct. 324—fixes the rights of the libellant as to alimony, fees and expenses until final decree and therefor there can be no further allowances until final decree is entered when the case can be reviewed on its merits: Breinig v. Breinig, 26 Pa. 161; Power's App., 120 Pa. 320; Melizet v. Melizet, 1 Pars. 77; Rieder v. Rieder, 21 Pa. Superior Ct. 488.

*Thomas F. Gain* and *Francis Shunk Brown,* for appellee.—The case is controlled by Hartje v. Hartje, 39 Pa. Superior Ct. 490, the allowances were reasonable and moderate. The final decree was withheld pending disposition of this rule and these allowances were made after consideration of the case on its merits.

OPINION BY LINN, J., April 25, 1921:

This appeal is from an order made July 27, 1920, requiring appellant to pay (1) $7,500 additional counsel fees, (2) $2,156 for expenses specified, and (3) $800 additional master's fee in the proceeding in which the court has this day filed an opinion sustaining the decree in divorce from bed and board. Appellee has no sepa-

rate estate and is dependent upon her husband; other relevant facts are stated in that opinion. The order reported in 68 Pa. Superior Ct. 324, affirming an order for the payment of counsel fees and expenses, and reducing the alimony pendente lite by directing that "alimony . . . . . . be paid monthly until final decree" does not mean, as counsel for appellant suggests, that no additional allowance could be made for counsel fees if earned and expenses incurred, but merely that the alimony pendente lite was payable "until final decree."

The validity of the order questioned depends upon proper exercise of judicial discretion: Hartje v. Hartje, 39 Pa. Superior Ct. 490, 496; Waldron v. Waldron, 55 Pa. 231; Betz v. Betz, 70 Pa. Superior Ct. 396, 404. Has any abuse of judicial discretion been shown here? The matter arose on petition, answer and depositions taken on behalf of the libellant. Respondent offered no evidence. The parties agreed that on this appeal we should consider the entire record in the divorce proceeding, supra: As may be inferred from what was said on that appeal, the case was bitterly contested. It lasted several years. Over 2,200 pages of testimony were taken. The master held fifty meetings, several by agreement in different states. Counsel testified that proper preparation required trips by counsel at various times to New York, Baltimore, Washington, Greensburg, Uniontown, Pittsburgh and Wheeling. Many witnesses were called and much documentary evidence introduced. Counsel also testified that some hundreds of interviews with their client and with witnesses were required. Usual and necessary papers and arguments were prepared and presented. Appellant is a man of large property, with a large income; he fought every step in the proceeding. His wife is destitute and broken down in health; he required her to be prepared legally to justify her withdrawal from his home and to maintain her right to support while living apart; it was necessary to prove his unlawful conduct, and she was advised by able counsel.

440, (1921).]        Opinion of the Court.

1. The only evidence relating to counsel fees was that the value of the legal services was in excess of the amount allowed; the record is destitute of anything justifying us in disturbing it; we cannot act without evidence.

2. In her petition libellant specified with some detail items of expense amounting to $2,519.96, of which the court allowed $2,156 "for expenses excluding charges made for filing and service of papers, witness fees, car fare, photographs, telegrams and telephone calls." We are not able to determine accurately how that total was obtained; counsel for appellant suggests that it consists of the items for traveling expenses of counsel, services of accountants, of expert witnesses, amounts paid respectively for notes of testimony and on account of master's fee, which makes within about $23 of the total allowed by the court. In view of that very small difference and since all the items so specified by appellant's counsel are properly to be considered, we cannot interfere with that portion of the order.

3. In support of the complaint against the allowance to the master, we are referred to the rule of the court below prescribing an amount generally payable to masters in divorce. We have been furnished with no reason to differ from the construction made by the court below of its own rule and its application to this case where the master at the request of the parties met them and their witnesses in other cities for their convenience.

No reason appearing why this court should interfere with the exercise of its judicial discretion by the court below in making the order in dispute, it is affirmed at the cost of appellant.