## Baker v. Baker

*Wingerd & Long*, for plaintiff.
*George S. Black*, for defendant.

WINGERD, P. J., August 27, 1954.—This comes before the court on petition for alimony pendente lite, counsel fees and expenses on which rule was issued, answer filed, examiner appointed and evidence taken.

The complaint was filed on October 22, 1952, and on November 22, 1952, the Sheriff of Franklin County made return of "not found". On November 20, 1952, George S. Black, a member of the Franklin County bar, entered a general appearance for defendant with an address within the county for the service of papers and process and filed with it a power of attorney for such appearance, executed by defendant. Service of the complaint was not accepted. On December 5, 1952,

defendant presented her petition for alimony pendente lite, counsel fees and expenses.

Plaintiff contends that the petition for alimony pendente lite, counsel fees. and expenses was prematurely presented as no process had been served upon defendant; that the effect of a general appearance as provided by the Act of May 2, 1929, P. L. 1237, sec. 31, as amended by the Act of July 10, 1935, P. L. 644, sec. 1, 23 PS §31, which provides, "the entry of a general appearance shall be equivalent to personal service of the subpoena and libel. The entry of a general appearance by, or in behalf of, a respondent shall not be deemed collusion, was suspended by Pa. R. C. P. 1459 except the sentence providing that a general appearance shall not be deemed collusion, and that Pa. R. C. P. 1121(b) makes the assumpsit rules applicable to actions in divorce, and Pa. R. C. P. 1011 provides that defendant may accept service of the complaint in lieu of service by the sheriff and 1012 authorizes the entering of a written appearance but does not make the written appearance the equivalent of personal service of the complaint; that as defendant was never served and has never accepted service of the complaint and the complaint is the writ by which the action is started, no necessity for representation by an attorney nor to incur any expenses or to take any action whatsoever has arisen.

There are a number of cases which hold that a petition for alimony pendente lite, etc., is premature if presented prior to the return day of a subpoena in divorce where no appearance was entered. All of these cases are prior to Pa. R. C. P. The basis of these decisions seems to be that respondent was not yet in court and therefore the petition was premature. All of these cases except one, Forry v. Forry, 2 Lanc. 345, are cases in which libellant wife filed a petition and rule was issued pursuant thereto: Jones v. Jones, 16 W. N. C.

259; Slocum v. Slocum, 2 Phila. 217; Bailey v. Bailey, 26 Dist. R. 1059. When libellant is the husband and wife defendant is petitioner, it seems that this rule, in any event, would be inapplicable as the husband, by bringing the action in divorce, was definitely in court: 2 Law of Marriage and Divorce in Pennsylvania, Freedman, 968. Wife respondent, by entering a general appearance, has submitted herself to the jurisdiction of the court and is in court. The court has jurisdiction of both parties and the mere fact that no service of process has been made or accepted is immaterial. The evidence taken before the master discloses that defendant is a resident of Maryland. In Commonwealth v. Barnett, 199 Pa. 161, after referring to the difference of jurisdiction over the subject matter and over the parties the court, in speaking of the latter case, said:

"The party exempt from jurisdiction may waive his personal privilege, and if he does so the jurisdiction of the court is complete. Thus if the defendant is not duly served with process, or is a nonresident beyond the reach of process, or if served while temporarily exempt as a juror or party or witness, or member of the legislature, the proceeding as to him will be void or voidable on showing the facts. But if he waives his exemption and appears voluntarily, the jurisdiction of the court over him is thereafter beyond question."

Of course, as explained by Rice, P. J., in Stoops v. Stoops, 49 D. & C. 247, under Pa. R. C. P. 2029(a), a minor respondent may not enter an appearance so as to confer jurisdiction upon the court in the absence of a valid service of process but we believe that the basis of the rule and the decision of the court is that a minor may not waive an exemption or a privilege, but this is not applicable, as libellant in this case contends, where the party is an adult and has the power to waive.

Our conclusion is that since both parties are in court, the petition in this case is not premature.

We now come to the question whether or not alimony pendente lite, counsel fees and expenses shall be allowed and if so in what amount. The testimony shows that the parties have lived apart for over eight years; that plaintiff has for a long time been paying defendant for her support the sum of $16 a month, that being the amount that he was ordered to pay in a desertion and nonsupport proceeding by the Court of Washington County, Md.; that defendant lives with her son in Maryland and pays nothing for her board and lodging; that she receives $9 a week as a baby sitter. On the other hand the uncontradicted evidence is that plaintiff is in bad physical condition, having heart trouble, arthritis and ulcers; that he receives from the United States Government a pension of $63 a month and a pension from the Baltimore and Ohio Railroad of $63.48 a month; that this is his total income; that he lives in a trailer and owns a 1936 Chevrolet car; that he is unable to earn any additional income; that his expenses, such as rent for trailer camp, food, gas, oil, clothing, laundry, insurance, and medical expenses amount to about $100 a month. The wife's expenses from her own testimony are for clothing, insurance of $1.68 a month and doctor bills, resulting from visits to a doctor very infrequently. She is being largely supported by her son, which is spoken of by defendant as charity but which cannot be considered as such for the son is legally liable for support in the event her husband is not able to support her. At any rate the situation is that she is receiving her board and lodging for nothing and has an income in addition thereto of approximately $55 a month.

In determining what, if any, alimony pendente lite or counsel fees should be awarded, we must consider the necessities of the wife and the abilities of the hus-

band. In Brong v. Brong, 129 Pa. Superior Ct. 224, 226, in speaking of this matter, Judge Parker, later Justice Parker of the Superior Court, states:

"How much shall be allowed as alimony and for counsel fees and expenses is a matter of judicial discretion and the validity of the order depends upon the proper exercise of that discretion: Lynn v. Lynn, 76 Pa. Superior Ct. 440, 442. This court will not reverse an order of the court below 'except for plain abuse of discretion': Doemling v. Doemling, 118 Pa. Superior Ct. 426, 431, 179 A. 813. There are no fixed rules as to the amount to be allowed. It is not to be measured solely by the value of counsel's services or by the wife's necessities. 'The husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay': Karmany v. Karmany, 71 Pa. Superior Ct. 308, 310. To deny a destitute wife the means to pay for process and professional aid is to deny her justice (Hartje v. Hartje, 39 Pa. Superior Ct. 490), and likewise to deny an innocent and injured husband a divorce unless he pay counsel fees beyond his ability to pay is to close the doors of the courts to many worthy suitors. The statute contemplates the payment of a *reasonable* counsel fee, limited by the necessities appearing from the evidence, such as will as nearly as possible promote the administration of fair and impartial justice by placing the parties on a par in defending their rights."

Libellant is now paying defendant $16 a month under order of the court of Washington County, Md., but that order, which we assume was made in a proceeding analogous to our proceeding of desertion and nonsupport in the court of quarter sessions, does not preclude this court from also making an order for alimony pendente lite: Heilbron v. Heilbron, 158 Pa.

297, 310. However, it is some indication of what that court felt was necessary and proper for the husband to pay for the support of his wife. There is no fixed rule of calculation but in 2 Law of Marriage and Divorce in Pennsylvania, Freedman, 988, it is stated:

"The wife's possession of independent means, therefore, is not in every case sufficient reason for the denial of alimony *pendente lite*. The inquiry must be whether the means which she possesses are alone sufficient to maintain her in her accustomed standard of life. If her estate is but partly adequate, the allowance will not be denied but her means will be considered in determining the amount of the award. And it has been stated that the means which the wife possesses which are to be considered in this regard refer only to income, because it would be harsh to compel her to expend her capital for her support while engaged in litigation with her husband. The formula given by Bishop has been referred to in Pennsylvania cases. The formula is as follows: add the wife's income to the husband's; determine such part of that sum sufficient for the wife's support, and then subtract from such sum her separate income, leaving the balance as the amount to be paid by the husband. The formula, however, is not arbitrary and cannot be applied as a rule of thumb. Its usefulness is merely as a guide."

This formula was approved in Seads v. Seads, 11 Dist. R. 689-90.

In Pennsylvania the courts have, for many years, taken into consideration the income of the wife in awarding alimony pendente lite.

In the instant case the wife's income is $39 a month from baby sitting, $16 a month which she receives from her husband and the value of board and lodging which her son furnishes her without cost. It has been held, in stating a wife's income, that a voluntary allowance was properly taken into account in considering her

total income as related to fixing the amount the husband should pay and that the source of income should not be considered: Nott v. Nott (1901), Prob. Eng., page 241, Div. Ct.; see 66 A. L. R. 219 (1930). She is not destitute by any means. If we apply the formula suggested by Bishop and add the husband's income to the wife's income, we will find that the total income is $165.48 per month without putting any figure in the amount for the value of the wife's board and lodging which she receives from her son. If we figure the wife is entitled to $55 in cash in addition to her board and lodging which, taking into consideration the wife's necessities and the husband's abilities, seems reasonable and from this we subtract her separate cash income, we have an amount of $16, which should be the amount paid by her husband for alimony pendente lite and she is now receiving from him that amount under order of the court of Washington County, Md. We see no reason to grant to defendant alimony pendente lite in this proceeding.

In considering the payment of counsel fees we have an entirely different situation. The husband is libellant and brought the suit and is responsible for every necessity which exists for the wife to engage legal counsel and defend the action. Counsel has already entered a personal appearance and also represented the wife in the present proceeding which we hold she had a right to bring at the time her petition was filed. We feel that it is not improper to award to defendant the sum of $50 at this time for counsel fees and expenses, without prejudice to a further request for counsel fees and expenses, for which the necessity can be more accurately determined later or at the conclusion of the litigation.

It is always proper to award counsel fees and expenses even after the case has terminated but before a final decree or even after an appeal is taken from a

final decree. (See 2 Law of Marriage and Divorce in Pennsylvania, Freedman, 1027, §465.)

Now, August 27, 1954, it is ordered and decreed that plaintiff pay to defendant for counsel fees and expenses the sum of $50, all proceedings to be stayed until such payment is made and this order to be without prejudice to further applications for additional counsel fees and expenses.