HOUSE, P.J.,
Before the court is a garnishment action filed on behalf of plaintiff in the above-captioned matter.
FACTS
This garnishment action arises from a judgment entered against defendant by a district magistrate in an action by plaintiff against defendant for unpaid counsel fees. Said fees were incurred by plaintiff during the course of his representation of defendant in a custody action commenced by William E. Martin against defendant Sondra B. Martin. A certified copy of the judgment obtained by plaintiff was filed and an execution process begun. Plaintiff now seeks to levy upon the monthly payments owed defendant by garnishee. Said payments arise out of an agreement executed by defendant and garnishee as part of their divorce proceedings. The agreement calls for monthly payments of $900 for 156 months (13 years) following the execution of the agreement dated May 15, 1980.
Defendant, pro se, objects to the garnishment of her monthly payments claiming that said payments are alimony and should, therefore, be exempt from garnishment. Garnishee has also filed, a brief as amicus curiae agreeing that the monthly payments, even if not entitled alimony, are nonetheless support payments and should not be subject to garnishment. As briefs have been submitted by all of the parties in this case, this matter now stands ready for disposition.
*187 ISSUE
Are the $900 monthly payments from garnishee, William E. Martin, to defendant, Sondra B. Martin, subject to garnishment in execution of a judgment obtained by plaintiff, David F. Megnin, Esq., against said defendant?
DISCUSSION
The matter before the court consists solely of this garnishment action and does not include the various ancillary issues raised by defendant in her brief. The singular issue raised by this case is unique. Our research has disclosed virtually no applicable case law emanating from Pennsylvania’s higher courts and we have found little direction from the state legislature. Our sister courts have offered some guidance but it still appears that this issue is a rare and unique challenge.
Plaintiff claims that the monthly payments owed defendant by garnishee are merely a contractual debt and, therefore, are clearly subject to garnishment. It is undisputed that the garnishee is bound by his agreement dated May 15, 1980, to make monthly payments of $900 to defendant for 156 months following the date of execution of the agreement. This agreement was executed prior to the couple’s divorce and was never incorporated in nor referred to in the divorce decree. The decree divorcing garnishee and defendant was entered June 11, 1980, which was prior to the effective date of the present Divorce Code. Plaintiff contends that since the decree was entered under the Divorce Law of 1929, and since the divorce was not based on the grounds of insanity and was not a mere divorce from bed and board, the court would not and could not have awarded alimony in this case. Therefore, argues *188 plaintiff, the monthly payments are merely an ordinary contractual debt and are subject to garnishment.
Defendant and garnishee contend that whether or not entitled “alimony,” the monthly payments from garnishee to defendant are obviously for support and are in the nature of alimony whether or not they are named as such. The court agrees. There is little doubt that the May 15, . 1980 agreement was drafted to expedite the couple’s divorce. The agreement states that, “For a period of 156 months following the execution of this Agreement, and in consideration of Wife relinquishing her claim for support from Husband, Husband will pay Wife the sum of $900 per month;. . .” Further, paragraph 10, section (c) of said agreement specifically states that it was the intention of the parties that the payments be considered alimony for tax purposes as has been the case from the execution of said agreement.
The agreement does state that if the wife, defendant, were to become gainfully employed her earnings would not affect or reduce husband garnishee’s obligation to make these payments. Defendant did not become gainfully employed on any regular basis and she alleges that she has relied and continues to rely solely on garnishee’s monthly payments for her support and maintenance.
The agreement which provides for the monthly support payments was not incorporated in or made a part of the divorce decree. It was referenced and relied upon in several other court proceedings concerning the garnishee’s support of his minor children. Therefore, based upon the particular circumstances of this case, whether entitled “alimony” or not, the monthly payments here involved were and are in the nature of support payments. The question *189 then becomes whether or not such support payments are subject to a garnishment action.
As previously stated, the case law on this issue is sparse. Plaintiff relies on an 1888 Dauphin County case, Scheffer v. Boy, 5 Pa. C. 158 (1888). In that case a judgment for $128 was obtained against Elizabeth Boy. The creditor sought to attach the money held by Mrs. Boy’s ex-husband and due her solely as alimony. President Judge Simonton states:
“No case was cited and no principle was stated upon the authority or reason of which we could hold that the attachment would not lie in this case, nor have we been able to discover or think of any. The obligation of the garnishee to the defendant is in the nature of a debt of record. The amount is certain, the items of payment are fixed, and it is due by judgment or decree of court. We think, therefore, that the sums due are the subject of garnishment, and, in accordance with the terms of the case stated, we direct judgment to be entered in favor of plaintiff and against the garnishee for the sum of $128, with interest from October 13, 1887.” 5 Pa. C. at 159.
Though at first glance this case would appear dispositive, garnishee offers to the court the 1934 Allegheny County case, West Penn Hospital v. Swaney, 82 Pitts. Leg. J. 86 (1934). This case involved a divorce from bed and board wherein wife was awarded alimony. Wife incurred debts with both Atlantic Refining Company and West Penn Hospital. In August 1932 the creditors issued execution attachment on their judgments and they summoned the ex-husband as garnishee. Both wife and ex-husband objected to the garnishment of the alimony payments. To determine whether “alimony unpaid and in the hands of a husband who has been summoned as garnishee is subject to attachment by creditors of the wife,” 82 Pitts. Leg. J. at 87, the *190 Allegheny County Court first defined alimony. The court cited the Pennsylvania Superior Court as stating, “Alimony is an allowance made to a wife, upon a decree of divorce, for maintenance, support and supply.” Betz v. Betz, 70 Pa. Super. 396, 402 (1918); 82 Pitts. Leg. J. at 87.
The Allegheny County Court then turned to the question of whether or not alimony was a debt like any other debt. The court cited the various financial arrangements exempt from attachment proceedings and concluded that “The theory of these exemption acts is the necessity of the thing or article to the owner in pursuit of his livelihood. Since alimony is a sum allotted to a wife for maintenance and support, the court is of the opinion that it is not a debt in the ordinary sense of the word.” 82 Pitts. Leg. J. at 88.
This court is mindful that the case at bar can be distinguished from the West Penn Hospital case in that the payments in the present' case were not court-ordered and perhaps would not have qualified as court-awarded alimony under then-existing law. The West Penn Hospital case involved a divorce from bed and board and the court did, indeed, award alimony in that case. Still, as previously stated, the monthly payments in the case at bar are clearly meant to be support payments and were just as clearly designed to support and maintain defendant as alimony. Certainly the support payments in the case at bar achieve the same result as alimony in that “[t]he acts granting alimony were enacted not merely for the protection of a wife, but also for the benefit of society, in placing the burden of support of wife upon the husband, where it belongs, rather than shifting it to society.” 82 Pitts. Leg. J. at 88. The monthly payments by garnishee were and are defendant’s sole support and without them defendant would most probably become another depen *191 dent addition to the state’s welfare rolls. Surely, then, these payments, serving the same purpose as alimony and achieving the same result, are, like alimony, “not a debt in .the ordinary sense of the word,” 82 Pitts. Leg. J. at 88.
Lancaster County had occasion to deal indirectly with these issues in Commonwealth v. Brenner, 29 D.&C. 353 (1937). That case involved a desertion and non-support action by the Commonwealth against the husband. Husband was ordered by the court to pay wife $3 per week. Husband was then named garnishee in a case against husband and wife by the Community Discount Company of Lancaster. The Lancaster County court determined that in this case creditors could not hold the husband liable for the amount of the support payments he was ordered to pay his wife. The court stated that though payment in this case was not ordered as alimony but was ordered as part of a quasi-criminal proceeding, to allow attachment would defeat the purpose of the order — said purpose being to keep wife from becoming a ward of the state.
The court is aware that the Brenner case might be distinguishable from the present case at bar in that the Lancaster County case involved debts incurred by the parties prior to the award of support. This issue was also raised in the West Penn Hospital case. In jurisdictions outside of Pennsylvania, the main distinction is between those cases where the debt was incurred before the award of alimony or support and those where the debt was incurred after the award. In those cases where the debt was incurred before the award of support, garnishment is prohibited. In those cases where the debt was incurred after the support award, the courts further distinguish between those debts for necessaries which are entitled to be collected from alimony or *192 support payments and those debts for items other than necessaries which are not entitled to be collected from support payments.
In the Allegheny County case, West Penn Hospital, supra, the court determined that the debts were incurred prior to the award of alimony and that these debts might have been considered necessaries, yet the court still concluded that, “In the instant case the court is of the opinion that alimony in the hands of the husband and due the wife cannot be attached, particularly where the debts were antecedent to the award of alimony.” 82 Pitts. Leg. J. at 89. The court’s use of the word “particularly” implies that it believed that alimony in the hands of the husband and due the wife could not be attached even if the debt were incurred subsequent to the award of alimony or support. Based on the rationale of our sister .courts, and based also on the specific circumstances of the present case, we hold that the support payments in the case at bar are not subject to garnishment by plaintiff. The legislature would seem to agree.
The Pennsylvania legislature exempted from attachment:
“The wages, salaries and commissions of individuals . . . while in the hands of the employer . . . except upon an action or proceeding:
“(1) For support.
“(2) For board for four weeks or less.
“(3) Under the act of August 7, 1963 (P.L. 549, no. 290), referred to as the Pennsylvania Higher Education Assistance Agency Act.”
Also exempt are certain pension payments and retirement benefits as well as certain life insurance proceeds. It appears obvious that the legislature intended to exempt from attachment proceedings a person’s sole means of support to a degree that the indebted person would remain self-supporting and *193 would not become a ward of the state. Though no direct mention is made concerning alimony or support, the court is here convinced that under the specific circumstances of this case, where garnishee’s support payments are defendant’s sole means of support, said payments are exempt from garnishment or attachment proceedings.
ORDER OF COURT
And now, October 17, 1990, upon consideration of the garnishment action initiated by plaintiff in the above-captioned matter, the briefs and arguments of the parties pursuant thereto, the record in this matter, and for reasons contained in the annexed opinion, it is hereby ordered, adjudged and decreed that the garnishment action initiated by plaintiff be and hereby is denied and dismissed.